THE STATE OF MISSOURI ex rel. JACOB BAR-
RINGER, Respondent, v. A. W. HAWKINS et
al., Appellants.

**Kansas City Court of Appeals, November 23, 1903.**

1. **NOTARIES PUBLIC: Bond: Limitations: Concealment.** An
action on a notary's bond accrues within three years from the
time the injured party, by proper diligence, should have dis-
covered the malfeasance for which he sues. (Authorities dis-
cussed.)

2. ———: ———: ———: ———: **General Statute.** The provis-
ions of the general statute of limitation do not apply to actions
on the bonds of notaries public.

3. ———: ———: ———: ———: **Diligence.** In an action on a
notary's bond where there is an issue as to the accruing of the
action because of concealment, there is likewise an issue in regard to the diligence used in ascertaining the fraud and con-
cealment.

4. ———: ———: ———: ———: **Sureties.** Though the sureties
on a notary's bond are not guilty of fraud, they yet stand good
for the officer and their liability continues during the period of
his fraudulent misconduct.

5. ———: ———: ———: ———: **Instructions: Jury.** The in-
structions should leave the jury to judge from all the circum-
stances whether the plaintiff, acting with ordinary prudence
and diligence, would have discovered the fraudulent conceal-
ment.

Appeal from Nodaway Circuit Court.—*Hon. Samuel
Davis,* Special Judge.

REVERSED AND REMANDED.

*E. A. Vinsonhaler* for appellant.

(1) This action being upon a notary's bond against
the sureties alone, is barred by the statute (R. S. 1899,

sec. 8836), which provides that "no suit shall be instituted against any such notary or his sureties more than three years after such cause of action accrued. (2) The cause of action accrued when the wrong was done, viz., October 24, 1899. State ex rel. v. Stonestreet, 92 Mo. App. 214. And the fraud of the principal would not postpone the running of the statute. Bartlett v. Bullene, 23 Kan. 606; 16 Ency. Law (1 Ed.), 784; Revelle v. Railroad, 74 Mo. 438. (3) Our general statute of limitations is section 4273, and section 4290. These sections have no application here. R. S. 1899, sec. 4292; Revelle v. Railroad, 74 Mo. 438; State ex rel. v. Schaeffer, 12 Mo. App. 277; Deboth v. Mining Co., 141 Mo. 505; Fairbanks v. Long, 91 Mo. 636; Ratican v. Terminal Ass'n, 114 Fed.; 1 Bigelow on Fraud, p. 26, note 1; This writer here says a correct decision is Taylor v. Robinson 69 Alabama 269. That court held that as the Legislature had not seen fit too specify fraud as an exception, the judiciary department was incompetent to do it. Wood on Limitations, p. 586, sec. 274. (4) Respondent relies upon the language of Judge MACFARLANE in Shelby Co. v. Bragg, 135 Mo. 291. That case was governed by the general statute of limitations and although the defendant had falsely sworn to his statements of fees and the court was in ignorance of the truth, yet the court held the action barred. The point here presented was not before the court and could not be. Wood v. Carpenter, 101 U. S. 135; Army v. Waterton, 22 Fed. 418. (5) Relator's own testimony shows that W. H. Hawkins was his trusted agent, loaning his money, collecting interest and principal, and reloaning it. These defendants are not as sureties bound for loss, suffered by relator under such circumstances. State to use v. Boughton, 58 Mo. App. 155. (6) We think the law is, that if relator never read the deed of trust, nor had it read to him, but relied solely upon the notary's representations, then

he can not recover; and our instructions numbered 2 and 3 should have been given.        Hatton v. Holmes, 97 Cal. 208.        (7)        These sureties are not liable for the forgery of a note, but only for loss suffered from an act which is within the duties imposed by law upon a notary. Upon the evidence here, there was no debt.        In such case there can not be mortgage, or deed of trust to secure it.        Meads v. Hutchinson, 111 Mo. 620.

*L. C. Cook* and *J. W. Thompson* for respondent.

(1)        The action is not barred by the statute of limitations, and the cases cited and arguments made in appellant's brief, on this branch of the case are not in point.        (2)        This being an action on a notary's bond, the limitation herein is fixed by section 8836, Revised Statutes 1899, the limiting words of which are "no suit shall be instituted against any such notary, or his sureties, more than three years after such cause of action accrued."        This being a case of a concealed fraud, we contend that the cause of action accrued at the discovery of the fraud, while appellants contend that the cause of action accrued at the commission of the original fraudulent act.        (3)        "In cases of fraud, the statute of limitations begins to run, only from the discovery of the fraud."        Hunter v. Hunter, 50 Mo. 445; Buren v. Buren, 79 Mo. 542; Angel on Lim., secs. 30, 183, 186, 470; 6 Wheat. (U. S.) 498, in which it is said that where fraud is concealed, time is an aggravation instead of a bar. Rogers v. Brown, 61 Mo. 187; 19 Amr. and Eng. Ency. of Law (2 Ed.), page 243; Bradford v. McCormick, 32 N. W. 93; Hickman v. Hickman, 46 Mo. App. 508; McClurg v. Hill, 7 Mo. App. 579; Donahue v. Bragg, 49 Mo. App. 273; American Digest, 1891, p. 2794, sec. 260; Carrier v. Railroad, 44 N. W. 203; Cook v. Railroad, 46 N. W. 553, and again 1080; Amr. and Eng. Ency. of Law (2 Ed.), page 243 and following pages in which many authorities are cited.

ELLISON, J.—The defendants are sureties on the official bond of W. H. Hawkins, a notary public of Nodaway county, and plaintiff brought this action against them for the malfeasance of Hawkins in falsely certifying that he had taken the acknowledgment to a certain deed of trust (which he had forged) to secure the payment of a note of $1,000 to the plaintiff. The judgment in the trial court was for plaintiff.

The defense of the surety defendants is that the statute governing notaries and their duties prescribes that no suit shall be instituted against a notary or his sureties more than three years after the "cause of action accrued." Sec. 8836, R. S. 1899. It is conceded that at the time this action was instituted more than three years had elapsed since the forgery of the deed of trust and the making of the false certificate. But plaintiff seeks to avoid the apparent running of the statute by showng that the notary fraudulently and corruptly concealed his act for a long space of time. That he paid interest to plaintiff on the sum which he pretended he had loaned for him, pretending that the person he represented as the borrower had left it with him to pay to plaintiff; and in other ways kept alive in plaintiff the implicit belief that the loan had really been made and that the deed of trust, including the certificate of acknowledgment, was genuine. That within one year after he learned of the notary's gross fraud and deception he brought the present action. The question is, when did the cause of action accrue? The contention of the parties is this: Defendants insist that it accrued when the notary made the false certificate; and plaintiff insists that it did not accrue until he discovered the fraud and concealment. Our conclusion is that it accrued when plaintiff discovered the fraud; or, when, by proper diligence as an ordinarily prudent man, he, under the circumstances, should have discovered it.

Our general statute of limitations declares that its provisions shall not apply to cases where the defendant's

improper conduct prevents the action being brought. Sec. 4290, R. S. 1899. But the limitation relied on by defendants is a special limitation, presented by the notary statute, and it is declared by the general limitation law: "The provisions of this chapter shall not extend to any action which is or shall be otherwise limited by any statute; but such action shall be brought within the time limited by such statute." Sec. 4292. From those provisions it is clear that no part of the general statute of limitations finds application to the case. We are thus left to answer the question of when did the cause of action accrue, independent of any statute.

In Revelle v. Railroad, 74 Mo. 438, the Supreme Court held that the time in which an action should be brought against a railroad for double damages for killing stock was governed by a special statute of limitations and on that account was, by the general statute itself, excluded from the influence of the latter statute; and that the action must be brought within the three years, regardless of the railroad's fraudulent concealment of the killing. But that statute (Section 1710, Revised Statutes 1879) provided that the action should be "commenced within three years after the *commission of the offense, and not after,*" whereas the statute now under consideration prescribes, as already said, that the suit must be brought within three years after the cause of action *accrued.* That statute left no room for construction since it fixed upon the time by naming a specific and definite period, while this statute uses an expression, "cause of action accrued," which leaves something to be determined more than a mere calculation of time.

After full consideration we have concluded that the cause of action did not accrue so as to enable the notary to take advantage of it, so long as his fraudulent concealment prevented plaintiff from knowing, in the exercise of the diligence which an ordinarily prudent man under the same circumstances would have exercised, that he had a cause of action. One of the theories which sup-

port a statute of limitations, and which justify such statute, is that a creditor, or an injured party, is given a reasonable time in which to go into court for redress of his grievance, whatever it may be. And that if he lies idly by, neglecting to seek redress for the specified time, he is cut off. He has slept on his rights until, from the policy of the law that disputes should have an end, and from justice to the opposite party who may lose his means of protection and defense, he should not be permitted at such late day to ask relief. When the party, who is thus protected by the statute, himself fraudulently conceals from the other, by acts which would deceive an ordinary prudent man in the same situation, that there is a cause of action, that other can not be accused of lack of diligence. For he can not be blamed for not bringing into court that which his opponent fraudulently prevented him from knowing existed. And no sympathy need be wasted on the fraudfeasor by reason of his losing the protection of the statute, since he brought it upon himself by his own misconduct. We have not been cited to a direct adjudication of the question in this State. But in Shelby Co. v. Bragg, 135 Mo. 298, it is plainly intimated that the rule exists without the aid of a statute. The court said that "whether by force of the statute or independent of it, a fraudulent concealment of a cause of action will delay the operation of the statute of limitation until after discovery of the fraud. Thus, in an action to recover from a sheriff or constable, money collected on process, it was held that the statute did not commence to run until return of process was made by the officer or there had been a demand of payment by the party in interest. State ex rel. v. Minor, 44 Mo. 373; Kirk v. Sportsman, 48 Mo, 383. These cases refer to no statute as a basis for the exception." It is said in 19 Am. and Eng. Ency of Law (2 Ed.), p. 243, that it was once the doctrine that exceptions to the statute on account of fraud were only recognized in equity where the statute itself omitted any exception.

State ex rel. v. Hawkins.

But that the later rule was "to engraft on the statutes an implied exception in favor of cases where the defendant fraudulently conceals the cause of action." The case of Liberman v. Bank, 2 Penrswells (Del.) 416, was in equity, but the rule is stated after full examination to be at law as just quoted.

2. There is, however, as issue in such cases whether the plaintiff had been neglectful—whether he had used due diligence to ascertain the fraud and concealment, regard being had to its nature and character. And this is stated to be the rule in Shelby Co. v. Bragg, supra, as well as in the encyclopedia just cited.

3. As has been stated, this action is against the sureties alone, and from that fact it has been urged that while the improper conduct of the principal in concealing the cause of action might prevent the starting of the statute as against him, it would not have that effect as against the sureties. The law does not support this contention. Bradford v. McCormick, 71 Iowa 129. While the sureties in this case have not been in the least guilty of any fraud, yet they stand good for the officer and when they are liable for his default, the default and their liability continues during the continuance of his fraudulent misconduct.

Notwithstanding we approve of the view taken of the matters foregoing by the learned trial judge, we find that the judgment should be reversed for the reason that the jury were not required in plaintiff's instructions to pass upon the question whether plaintiff could have discovered the fraud sooner than he did by the exercise of reasonable diligence. That inquiry was wholly omitted.

The instructions offered for defendant were properly refused. They were too peremptory in tone. The jury should be left to judge from all the circumstances whether plaintiff, acting as a man of ordinary prudence and diligence, would have discovered the fraudulent concealment. It may be that a retrial might disclose that

plaintiff should have discovered the fraud at some period of the time after its perpetration, earlier than he did. The statute would begin to run from the time when he should have discovered it, if there was, in truth, such time before he actually did make the discovery.

The judgment is reversed and cause remanded. All concur.