CITY OF MACON ex rel. MILDRED E. LITTLE and A. E. LITTLE, executors of the estate of A. B. LITTLE, deceased, Appellants, v. JAMES D. SPARROW and LON HAYNER, Respondents.

Kansas City Court of Appeals, November 5, 1917.

TAX BILLS: Period of Lien: Suits to Enforce. Actions to enforce the lien of tax bills issued under the statutes relating to cities of the third class must be commenced within five years and where such an action was commenced within such time, but afterwards dismissed for want of prosecution and thereafter, within one year, another action was instituted, which was more than five years after the issuance of the tax bills, the latter action cannot be maintained, as the statute (Laws of 1911, page 337) providing for the lien of such tax bills carries its own period of limitation and is not governed by the provisions of section 1900, R. S. 1909.

Appeal from Macon Circuit Court.—*Hon. Nat M. Shelton,* Judge.

AFFIRMED.

*William O. Cave* for appellants.

*R. B. Dysart* for respondents.

BLAND, J.—This is a suit to enforce liens of tax bills issued by the city of Macon against the property of the defendants. The tax bills were issued on October 4, 1906; suit was brought to enforce the liens of the same on September 27, 1911, within five years of their date. In the month of September, 1912, the suit was dismissed for want of prosecution. On April 23, 1913, within one year from the date of the dismissal of the suit, but more than five years from the date of the issuance of the tax bills, suit was again brought. The answer, among other things, alleges that suit was not commenced within five years and also pleads the Statutes of Limitations in bar to plaintiffs' right to enforce the liens of the tax bills. At the close of plaintiffs'

testimony the court sustained a demurrer to the evidence.

The turning point in this case is whether the provisions of section 1900, Revised Statutes 1909, are applicable, being the statute which gives plaintiffs one year after a non-suit within which to bring another suit, provided that the original suit was brought within the time specified by the general Statutes of Limitations, even though the second suit was not brought within that time.

These tax bills were issued under the statute relating to cities of the third class (Laws of 1901, p. 63), reenacted in the Revised Statutes of 1909, section 9254, and again amended and reenacted in the Laws of 1911. [Laws of 1911, p. 337.] In this statute is found the provision that the tax bills created by virtue thereof "shall be a lien against the lot or tract of land described in same for a period of five years after date of issue."

It is the contention of the defendants that the statute in controversy provides its own limitation as to when a suit may be brought and comes within the provision of section 1907, Revised Statutes 1909, which provides that section 1900, Revised Statutes 1909, "shall not be extended to any action which is or shall be otherwise limited by any statute, but such actions shall be brought within the time limited by such statute."

As we view it, the statute under which these tax bills were issued limits the time within which suit may be brought to enforce the liens of such tax bills to five years, and as it contains its own period of limitation it comes within the provisions of section 1907, Revised Statutes, 1909, and not those of section 1900, Revised Statutes 1909. [Clark v. Railroad, 219 Mo. l. c. 530-531, and cases therein cited.]

While the reading of the statute in controversy is not that "no suit shall be brought after the expiration of five years from the issuance of the tax bills," we think that its provision limiting the lien of the tax bills to five years amounts to the same thing. Unless we so hold we would be forced to the conclusion that the general Statutes of Limitations are not applicable to the

statute under construction and that, therefore, the saving statute of one year that appellants rely upon could not be applied. No holder of a tax bill has a natural right to a lien, the lien being purely the creature of statute, and where the statute provides the time it may run it cannot run any longer than is expressly provided. We think this is made specially emphatic in this law for the reason that the statute (Laws of 1911, p. 339) provides "in any case where it becomes necessary to bring a suit to enforce a lien of any tax bill herein authorized the lien of such tax bill shall continue until the expiration of the litigation." This clearly shows the intention of the Legislature that the lien of these tax bills should not continue longer than five years after the date of the issuance of the same, and that no exception is made except that the lien should continue during the litigation to be commenced within said five years. From any point of view we regard this matter, we are firmly of the belief that section 1900, Revised Statutes 1909, cannot be applied here.

From what we have said the plaintiffs have no right to enforce the liens of the tax bills sued on and, therefore, the judgment of the lower court should be affirmed and it is so ordered. All concur.