## OKLAHOMA FARM MORTGAGE CO. v. JORDAN et al.

No. 8168—Opinion Filed Nov. 20, 1917.

(168 Pac. 1029.)

(Syllabus.)

**1. Notaries—Action on Bond—Limitations.**

On July 31, 1915, O. F. M. Co., a corporation, brought this action against J., B., and S., for damages, alleging that J., as notary public, on June 8, 1909, made false certificates of acknowledgement to two certain mortgages purporting to have been executed by A. and wife, to O. F. M. Co., to secure the payment of money; that B. and S. were sureties on J.'s notarial bond, dated February 13, 1908, and further alleging that the falsity of the certificates was not discovered by O. F. M. Co. until August 5, 1912. Held: First, that the cause of action accrued at the time of the making of the false certificates; second, that the special statute of limitations, providing that "no suit shall be instituted against any such notary or his securities more than three years after the cause of action accrues" (section 4249, Rev. Laws Okla. 1910), controls in the case, and that on the face of the petition the cause of action is barred.

**2. Limitation of Actions — Fraudulent Concealment—Effect.**

"Fraudulent concealment constitutes an implied exception to the statute of limitations, and a party who wrongfully conceals material facts, and thereby prevents a discovery of his wrong, or the fact that a cause of action has accrued against him, is not allowed to take advantage of his own wrong by pleading the statute, the purpose of which is to prevent wrong and fraud."

**3. Same—Negative Act.**

"The mere failure to disclose that a cause of action exists is not sufficient to prevent the running of the statute. There must be something more; some actual artifice to prevent knowledge of the facts; some affirmative act of concealment, or some misrepresentation to exclude suspicion and prevent inquiry."

Error from District Court, Love County; W. F. Freeman, Judge.

Action by the Oklahoma Farm Mortgage Company against Jesse L. Jordan and George W. Burnett and J. W. Scanlon, as sureties on Jordan's notarial bond. Demurrer to petition sustained, and plaintiff excepts and brings error. Affirmed.

M. G. Meister, for plaintiff in error.

J. C. Graham and T. B. Wilkins, for defendants in error.

RAINEY, J. On July 31, 1915, the plaintiff in error, Oklahoma Farm Mortgage Company, brought their action in the district court of Love county, Okla., against Jesse L. Jordan, Geo. W. Burnett, and J. W. Scanlon, for damages, alleging that Jesse L. Jordan, as a notary public, on June 8, 1909, made false certificates of acknowledgment to two certain mortgages purporting to have been executed by W. A. Anglin and wife, Lucy O. Anglin, to secure the payment of money loaned by the Oklahoma Farm Mortgage Company to W. A. Anglin; that Geo. W. Burnett and J. W. Scanlon were sureties on Jesse L. Jordan's notarial bond. In its petition plaintiff further alleged that W. A. Anglin made payments upon the notes for which the mortgage was given as security at various times, until his death in 1911, and that subsequent to his death, L. A. Kirkpatrick, as administrator of his estate, also made payments upon the notes, but that later the said L. A. Kirkpatrick notified the plaintiff by letter that the signatures of Lucy O. Anglin to the mortgages were forgeries, and that Jordan's notarial certificates of acknowledgment to the mortgages were false; that the falsity of the certificates was not discovered by plaintiff until the receipt of said letter on August 5, 1912. It is also alleged in the petition that on April 12, 1913, the plaintiff filed suit in the district court of Love county, Okla., seeking to foreclose the mortgages, in which action the said Lucy O. Anglin denied the execution of the notes and mortgages sued upon, and charged that her signatures thereto were forgeries, and that the land de-

scribed in the mortgages was her homestead, and that on this issue the jury found in her favor. The petition in the instant case also alleged that the said Jesse L. Jordan was engaged in the real estate and loan business at Marietta, Okla., and that at the time he made the false certificates he was acting as agent for the plaintiff in procuring loans, and that the plaintiff relied upon the certificates made by the said Jesse L. Jordan. The defendants interposed a demurrer to the petition, on the ground, among others, that it appeared from the face of the petition that if the plaintiff ever had any cause of action against the defendants, the same was barred by the statute of limitations. The trial court sustained the demurrer on this ground, to which action of the trial court plaintiff excepted, and brings the case here.

It is conceded by plaintiff in error that the statute of limitations which governs this case is section 4249, Rev. Laws Okla. 1910, which reads as follows:

"Statute of Limitations. No suit shall be instituted against any such notary or his securities more than three years after the cause of action accrues."

The sole question presented to this court for decision is: When did the cause of action accrue? Plaintiff in error contends that it accrued when it first discovered that the notary's certificates were false, and that the action was commenced in time, while the defendants in error contend that the cause of action, if any, accrued at the time of the making of the false certificates. If the plaintiff in error is correct, the action was commenced in time; otherwise it was barred on June 12, 1912, three years after the making of the alleged false certificates. According to Corpus Juris, vol. 1, p. 1146:

"The term 'to accrue,' as applied to a cause of action, means to arrive, to commence, to come into existence, to become a present and enforceable demand, and that a cause of action accrues when facts exist which authorizes one party to maintain an action against another, and that the term implies the coexistence of a demand capable of present enforcement, and of parties by and against whom it may be enforced."

In 1 Ruling Case Law, 337, it is said that in the case of an act causing an injury, if the injury, however slight, is complete at the time of the act, a cause of action accrues at that time. The case of Walker v. Bowman et al., 27 Okla. 172, 111 Pac. 319, 30 L. R. A. (N. S.) 642, Ann. Cas. 1912B, 839, was an action on an abstracter's bond against the abstracter and his sureties for the making of an incorrect abstract. The

condition of the abstracter's bond, as required by the statutes, was that they (the abstracter and his bondsmen) "will pay all damages that may accrue to any person by reason of any incompleteness, imperfection, or errors in any abstract furnished by him," and it was held that:

"The right of action against an abstracter for damages resulting from incompleteness, imperfections, or error in an abstract furnished by him accrues at the time the examination is made and reported, and not when the error is discovered and the damages resulting therefrom have been paid."

In that case the court further observed that, in a case where the petition alleges a breach of duty and also special and consequential damages, the breach of duty, and not the consequential damage, is the cause of action. This case is similar in principle to the case at bar, and is in accord with the general rule that a cause of action accrues for a breach of duty immediately upon the happening of the breach, although the actual damage resulting therefrom may not be discovered until some time afterwards. Middelkamp v. Bessemer Irrigating Ditch Co., 46 Colo. 102, 103 Pac. 280, 23 L. R. A. (N. S.) 795. The rule in actions on bonds is that where the bond is conditioned for the performance of some act or duty by the obligor, the cause of action accrues when the condition is broken, and the statute of limitations begins to run from the date of the breach, whether the obligee has suffered actual damage or not. 25 Cyc. 1101. Section 4241, Rev. Laws 1910, provides that every notary public, before entering upon the duties of his office, shall execute—

"a good and sufficient bond to the state of Oklahoma, in the sum of one thousand dollars, with one or more sureties, to be approved by said clerk, conditioned for the faithful performance of the duties of his office. * * *"

The case of Bartlett et al. v. Bullene & Co., 23 Kan. 606, is a case construing a Kansas statute of limitations identical with section 4249, Rev. Laws Okla. 1910, supra, and is in point. Except for the difference in names and dates, the facts are exactly like the facts in the case at bar, and it was contended there, as here, that the cause of action first accrued when the making of the false certificate was discovered. In disposing of this contention the Supreme Court of Kansas said:

"While there is some little conflict in the decisions, the highest and most decisive authority favors the view that the malfeasance of a person, or the negligence or

breach of duty of an officer, is the gist of the action, and not the injury consequent thereon, and that the statute therefore begins to run from the malfeasance, negligence, or breach. 'In actions for official or professional negligence, the cause of action is founded on the breach of duty which actually injured the plaintiff, and not on the consequential damage. * * * So, in an action against the sheriff for an insufficient return upon a writ by reason whereof the judgment was reversed, the statute begins to run from the time of the return, and not from the reversal of the judgment.' 2 Greenl. Ev. § 433."

And our investigation convinces us that the great weight of authority is to the effect that statutes of limitations in similar cases to the one under consideration begin to run upon the occurrence of the act or breach complained of, and not from the time of the discovery of the breach or the resulting damage.

Counsel for plaintiff in error cite the case of State ex rel. Barringer v. Hawkins et al., 103 Mo. App. 251, 77 S. W. 98, in support of the proposition that the operation of the statute is deferred until the breach is discovered. While the syllabus in that case seems to support plaintiff's contention, an examination of the opinion discloses that a notary fraudulently concealed the making of the false certificate, and it was held that the statute of limitations did not begin to run until the discovery of the fraud, or until such time as an ordinarily prudent person, by proper diligence should have discovered it. In other words, the Court of Appeals of Missouri applied the doctrine that fraudulent concealment is an implied exception to the statute of limitations. This fully appears from the following language of the opinion:

"After full consideration we have concluded that the cause of action did not accrue so as to enable the notary to take advantage of it, so long as his fraudulent concealment prevented plaintiff from knowing, in the exercise of the diligence which an ordinarily prudent man under the same circumstances would have exercised, that he had a cause of action. One of the theories which support a statute of limitations, and which justify such statute, is that a creditor, or an injured party, is given a reasonable time in which to go into court for redress of his grievance, whatever it may be, and that if he lies idly by, neglecting to seek redress for the specified time, he is cut off. He has slept on his rights until, from the policy of the law that disputes should have an end, and from justice to the opposite party who may lose his means of protection and defense, he should not be permitted at such late day to ask relief. When the party, who is thus protected by the statutes, himself fraudulently conceals from the other, by acts which would deceive an ordinary prudent man in the same situation, that there is a cause of action, that other cannot be accused of lack of diligence. For he cannot be blamed for not bringing into court that which his opponent fraudulently prevented him from knowing existed. And no sympathy need be wasted on the fraudfeasor by reason of his losing the protection of the statute, since he brought it upon himself by his own misconduct."

The principle announced in this case is in harmony with the decisions of this court. In the case of Waugh v. Guthrie Gas, Light, Fuel & Improvement Co., 37 Okla. 239, 131 Pac. 174, L. R. A. 1917B, 1253, we held that:

"Fraudulent concealment constitutes an implied exception to the statute of limitations, and a party who wrongfully conceals material facts, and thereby prevents a discovery of his wrong, or the fact that a cause of action has accrued against him, is not allowed to take advantage of his own wrong by pleading the statute, the purpose of which is to prevent wrong and fraud."

In that case we further held that:

"The mere failure to disclose that a cause of action exists is not sufficient to prevent the running of the statute. There must be something more; some actual artifice to prevent knowledge of the facts; some affirmative act of concealment; or some misrepresentation to exclude suspicion and prevent inquiry."

We have carefully examined plaintiff's petition, and find that it does not contain any allegation of any affirmative act of concealment or any artifice to prevent knowledge of the facts. Neither does it contain any allegation of misrepresentation on the part of the notary to prevent inquiry. The most that can be said in favor of the petition is that the notary failed to disclose the alleged falseness of the certificates.

We are therefore of the opinion that the facts alleged are insufficient to bring the case within the implied exception to the statute of limitations.

The demurrer to the petition was properly sustained by the trial court, and the cause is therefore affirmed.

All the Justices concur.