L. L. FIGGINS, APPELLANT, V. J. C. MUNDY, ADMINISTRATOR OF THE ESTATE OF H. H. HALLIBURTON, DECEASED, RESPONDENT.—59 S. W. (2d) 766.

In the St. Louis Court of Appeals. Opinion filed March 7, 1933.

Rehearing denied, March 21, 1933.

*Rodgers & Buffington* for respondent.

*Willard P. Cave* for appellant.

BECKER, P. J.—Plaintiff below filed his action for replevin alleging that he was entitled to possession of certain goods and chattels which the defendant had wrongfully taken from the possession of plaintiff. During the pendency of the action, by stipulation of the parties, the defendant administrator sold the personal property in question and retains the proceeds of the sale thereof, after paying the costs of the sale, until the legal issues involved in this action shall have been determined. Upon a hearing of the case the trial court determined the issues adversely to the plaintiff and he in due course brings this appeal.

The following facts are conceded: The defendant administrator's decedent Halliburton, on March 2, 1925, purchased from the plaintiff what is termed a battery station for the sum of $2500, $500 of which was paid in cash and for the balance of $2000 Halliburton gave his note, payable in monthly installments at the rate of $50 per month, with interest from date at the rate of seven per cent per annum. Halliburton died in the spring of 1931, at which time there remained unpaid upon the note in question the sum of $650 plus interest. In due course the defendant Mundy was appointed and is acting administrator of Halliburton's estate.

It is further admitted that the plaintiff, on March 4, 1925, under the provisions of Section 3097, Revised Statutes of Missouri 1929, not only *"recorded"* the chattel mortgage in question, but also *"filed"* it in the recorder's office at Mexico, Missouri. The personal property covered by the chattel mortgage remained in possession of the mortgagee and no steps were taken to foreclose the chattel mortgage until December 8, 1931, more than six years after the said chattel mortgage had been *"filed"* in the recorder's office at Mexico, Missouri, under said Section 3097, Revised Statutes of Missouri 1929.

A jury was waived and the case tried to the court, plaintiff contending that under the facts in the case the ten-year Statute of Limitations applies, while it was the contention of the defendant that the chattel mortgage was subject to the limitation of five years, under the provisions of Section 3100, Revised Statutes of Missouri 1929, which provides that after the lapse of five years from the filing of the chattel mortgage in the recorder's office, the chattel mortgage shall cease to be valid. The trial court ruled that the five-year Statute of Limitations applied and entered judgment for defendant.

The sole question before us is whether the five or ten-year Statute of Limitations applies.

Plaintiff, on appeal here, contends that under Section 861, Revised Statutes of Missouri 1929, an action based upon a chattel mortgage is required to be brought within ten years after the cause of such action shall accrue, and that, therefore, the trial court had erred in holding that because the plaintiff below had *"filed"* his chattel mortgage, and more than five years had elapsed from the filing of the same, the

chattel mortgage ceased to be valid as against the mortgagor. This point is without merit.

Section 861, Revised Statutes of Missouri 1929, relied upon by plaintiff, which prescribes a ten-year limitation upon actions upon any writing for property, appears under Article 9, Chapter 5; but. Section 681 of the same article and chapter provides that "the provisions of Articles 8 and 9 of this chapter shall not extend to any action which is or shall be otherwise limited by any statute; but such action shall be brought within the time limited by such statute." Chapter 22, which covers the subject of conveyances in our statutes, makes specific provision in its Article 3 for chattel mortgages. By Section 3100 thereof it is provided, among other things, that every chattel mortgage, where the original or a copy thereof shall have been *"filed"* with the recorder, shall cease to be valid as against the mortgagor after the expiration of five years from the filing of the same, and the recorders of the several counties are authorized to destroy any and all such chattel mortgages remaining on file in their respective offices after the expiration of five years from the filing of the same.

It has been directly held that the provisions of said Section 3100 is to force foreclosure of an unpaid mortgage within five years after the *"filing"* thereof. [State ex rel. Cantley v. Akin (Mo. App.), 22 S. W. (2d) 826, l. c. 838.]

Since, therefore, Section 3100 in Article 3, of Chapter 22 of our statutes carries its own special Statute of Limitations as to chattel mortgages which shall have been *"filed"* with the recorder of deeds of the county where the mortgagor executing same resides, as provided for under Section 3097, namely, that every such chattel mortgage shall cease to be valid as against the mortgagor after the expiration of five years from the date of the *"filing"* of the same, therefore, under the provisions of Section 881, Revised Statutes of Missouri 1929 (Mo. St. Ann., sec. 881), the ten-year Statute of Limitations provided for by Section 861, does not apply. [See Clark & Rutter v. Ry. Co., 219 Mo. 524, 118 S. W. 40; State ex rel. Barringer v. Hawkins, 103 Mo. App. 251, 77 S. W. 98; State ex rel. O'Malley v. Musick, 145 Mo. App. 33, 130 S. W. 398; City of Macon ex rel. v. Sparrow, 197 Mo. App. 654, 198 S. W. 1136; Wedemeier v. St. Louis Malleable Casting Co. (Mo. App.), 52 S. W. (2d) 569.]

It follows that the judgment of the trial court should be affirmed. It is so ordered. *Kane* and *McCullen, JJ.,* concur.