**Maria SZCZEPKA, Plaintiff/Appellant,**

v.

**Patricia WEAVER, Defendant/Appellee.**

**No. 88845.**

Court of Civil Appeals of Oklahoma, Division No. 1.

April 22, 1997.

Certiorari Denied June 17, 1997.

D. Michael Haggerty, II, Don Michael Haggerty, Durant, for Plaintiff/Appellant.

J.H.B. Wilson, Ardmore, for Defendant/Appellee.

## MEMORANDUM OPINION

HANSEN, Presiding Judge.

Plaintiff/Appellant, Maria Szczepka (Sister), seeks review of the trial court's order granting summary judgment to Defendant/Appellee, Patricia Weaver (Notary), based on the running of the statute of limitations.[1] In 1987 and 1988, Sister acquired two lots in Marshall County in joint tenancy with her brother, Arkadij Szczepka (Brother). Brother was not a native speaker of English and had never learned to read or write it. His wife, Margaret Szczepka (Wife) handled paying taxes and other expenses of the property. Wife forged a warranty deed conveying the property from Sister and Brother as joint tenants to herself and Brother as joint tenants. Notary notarized the deed and Wife filed it on June 23, 1992. Neither Sister nor Brother ever appeared before Notary. Brother died on December 2, 1994. Sister was unaware of the forged deed until her attorney discovered its existence on December 14, 1994 when he called the Office of the County Clerk of Marshall County to confirm Sister owned the lots. After Sister recovered the property, she brought the instant suit against Notary for damages arising from breach of her duty as a notary public.

The applicable statute of limitations is 49 O.S.1991 § 10, which provides, "No suit shall be instituted against any such notary or his securities more than three (3) years after the cause of action accrues." The only case interpreting this section is *Oklahoma Farm*

1. The appeal is filed without appellate briefs in conformance with the procedures for the appellate accelerated docket, Okla.Sup.Ct.R. 1.36, 12 O.S.Supp.1996, Ch. 15, App. 1.

*Mortgage Co. v. Jordan,* 168 P. 1029, 67 Okla. 69 (1917) (*"Jordan"*). There the Court held the statute of limitation began to run when the notary breached his duty, not when the breach was discovered, and the only exception would be fraudulent concealment, where the notary by an affirmative act of concealment prevents discovery of his wrong. Fraudulent concealment is no longer the sole exception to the statute of limitations and *Jordan* is no longer good law because Oklahoma has since adopted the discovery rule in tort cases. In *Resolution Trust Corp. v. Grant,* 901 P.2d 807, 813 (Okla.1995) the Court stated the rule: "Oklahoma follows the discovery rule allowing limitations in tort cases to be tolled until the injured party knows or, in the exercise of reasonable diligence, should have known of the injury." The Court explained the rationale for the change in *In re 1973 John Deere 4030 Tractor,* 816 P.2d 1126, 1131–1132 (Okla.1991) (citation omitted):

> Modern jurisprudence does not recognize our general statute of limitations as a statute of repose. The ordinary statute of limitations will not prevent the vindication of a right, without consent or notice, until such time as the person knows, or in the exercise of due diligence, should have known that the right existed. Decisional authority settling limitations issues upon the rationale that our general statute of limitations is a statute of repose has been superseded by modern jurisprudence.

A notary has the duty of determining "either from personal knowledge or from satisfactory evidence, that the person appearing before the officer and making the acknowledgment is the person whose true signature is on the instrument." 49 O.S.1991 § 113. Failure to perform that duty gives rise to a cause of action in tort. *State Nat'l Bank v. Mee,* 136 P. 758, 39 Okla. 775 (1913). Therefore, the statute of limitations against a notary or his securities does not begin to run until the injured party knew or should have known the right existed.

Notary's false notarization promptly became a matter of public record because the deed was filed in the Office of the County Clerk. Such filing is constructive notice to "subsequent purchasers, mortgagees, encumbrancers or creditors," 16 O.S.1991 § 16, but not to those prior in the chain of title, *Straub v. Swaim,* 296 P.2d 147, 148–149 (Okla.1956). Sister had no reason to learn of Notary's act until her attorney checked the records following Brother's death. Under the facts and circumstances of this particular case, the statute of limitations on Sister's claim against Notary began to run on that date, December 14, 1994. Accordingly, the order of the trial court is **REVERSED** and this matter is **REMANDED** for further proceedings consistent with this opinion.

JOPLIN, J., concurs.

BUETTNER, J., dissents.