2000 OK CIV APP 40

**Ida Mae BROWN, Dennis Binder, and Shirley Ann Williams, Plaintiff/Appellants,**

**v.**

**W.M. ACREE TRUST, Ron Acree, trustee, Defendant/Appellee.**

No. 93,864.

Court of Civil Appeals of Oklahoma, Division No. 3.

Feb. 14, 2000.

Robert L. Ross, Lawton, Oklahoma, for Appellant.

Phil W. Gordon, Chickasha, Oklahoma, for Appellee.

Opinion by CAROL M. HANSEN, Vice-Chief Judge:

¶1 On June 12, 1984, Plaintiffs Shirley Ann Williams Binder and her husband, Dennis Binder, (Binders), executed a quit claim deed to certain property in Lawton, Oklahoma, to Plaintiff, Ida Mae Brown. Some unknown person filed the deed. Then on September 10,1991, the records in the county clerk's office reflect that Ida Mae Brown and her husband executed a quit claim deed to the property to the W.M. Acree Trust. Ms. Brown denies executing this deed. The deed was filed of record on October 17, 1991. Binders have remained in possession of the property at all times.

¶2 In May of 1998, Plaintiffs filed this action in district court against the trust and its trustee, Ron Acree (Defendant), claiming to be the legal and beneficial owners of the property. Their amended petition alleged Binders executed the quit claim deed to Ida Mae Brown in order to secure a loan from her. They claimed Ms. Brown agreed not to file that deed. They further alleged Defendant committed fraud by forging Ms. Brown's signature on the quit claim deed from her to the trust and filing it of record. They asked for damages and an order finding they were the rightful legal owners of the property. Defendant filed an answer and counterclaim asking that title to the property be quieted in the trust. Several months later Defendant filed a motion for final judgment of dismissal with prejudice and a motion for summary judgment attaching the recorded deeds. In his brief in support, Defendant points out the trial court had sustained a previous motion by Defendant to determine defenses and gave Plaintiffs 25 days to amend their petition and they had not done so.[1] This alone he claimed, is a basis for granting his motion for final judgment.

¶3 Defendant also raised the bar of the statute of limitations contained in 12 O.S.1991 § 95(3) as an affirmative defense. The deed from Ms. Brown to Defendant was filed in 1991 and Plaintiffs did not file their petition in the present action until 1998. Section 95(3) provides a two year statute of limitations for the recovery of real property when the relief is based on fraud. This section also provides that "the cause of action in such case shall not be deemed to have accrued until the discovery of the fraud." Citing *Matter of Woodward,* 1976 OK 55, 549 P.2d 1207 in support, Defendant argued Plaintiffs were charged with constructive notice of fraud from the filing of the quit claim deed in the public records.

¶4 After Defendant filed his motion for summary judgment, Plaintiffs filed their amended petition. They also filed a response to Defendant's motion for summary judgment pointing out they did not discover the fraud perpetrated by Defendant until they became aware of the forged deed.[2] They attached two affidavits, one from Dennis Binder stating neither his wife nor he knew how the deed to Ms. Brown came to be recorded as their signatures on that deed had not been notarized. The second affidavit was by Ms. Brown who stated the signature on the deed to the trust was not hers.

¶5 In their response, Plaintiffs distinguished *Woodward* because in that decision the deed in question was actually signed by

---

1. Neither this motion or the court's ruling on it is included in the record attached to the petition in error.

2. They also contend their delay in filing the amended petition was excused as there was no prejudice to Defendants. No judge had been assigned to hear the case during the interim.

the grantor, where as here the named grantor did not sign the deed and thus would be unaware of the filing. They pointed out to apply *Woodward* to their situation would be tantamount to requiring every landowner in Oklahoma to check records every two years to make sure no forgery had taken place and the land conveyed to another party.

¶ 6 The trial court agreed with Defendant, finding the recorded deed was constructive notice to Plaintiffs, thus the statute of limitations had run on their cause of action. It granted Defendant's motion for summary judgment and Plaintiffs appeal to this Court. The appeal is filed without appellate briefs in conformance with the procedures for the appellate accelerated docket, Rule 1.203, Rules of Civil Appellate Procedure, 12 O.S.1991 Ch. 15, App.2.

¶ 7 We do not agree that Plaintiffs are impressed with constructive notice of the filing. Although *Woodward* follows a long line of decisions holding § 95(3) does not require that the complaining party must necessarily have had actual notice of the fraud because constructive notice of the fraud is sufficient to set the statute in motion, the facts and circumstances presented herein dictate otherwise. Where the means of discovery lies in public records, required by law to be kept, which involve the very transaction in hand and the interest of the parties to the litigation, the public records themselves are generally sufficient constructive notice. The fraud is deemed to be discovered, within the statute of limitation, when in the exercise of reasonable diligence, it could have been discovered. *Harjo's Heirs v. Standley,* 1956 OK 286, 305 P.2d 864 and cases cited therein. However, this decision and others place a caveat on this standard rule of construction. The means of discovering the fraud must be in the hands of the party being defrauded and the defrauding party must not have covered up his fraud to the extent it would be difficult or impossible to discover. *Gearhart Industries v. Grayfox Operating Company,* 1992 OK CIV APP 44, 829 P.2d 1005.

¶ 8 In *Straub v. Swaim,* 1956 OK 97, 296 P.2d 147, the Supreme Court, in inter-

preting 16 O.S.1951 § 16,[3] held the effect of this statute providing that conveyances filed of record are constructive notice of the contents thereof to subsequent purchasers, mortgagees, encumbrancers or creditors limits the constructive notice to *subsequent* purchasers etc. It does not constitute notice to one who has already bought and paid for the property and taken possession of it.

¶ 9 The Court of Civil Appeals reiterated this rule in applying it to a decision wherein the plaintiff brought suit against a notary who falsely notarized the purported grantors' signature on a deed when neither of the alleged grantors had appeared before the notary. In *Szczepka v. Weaver,* 1997 OK CIV APP 35, 942 P.2d 247, (approved for publication by the Oklahoma Supreme Court), the Court held the statute of limitation did not begin to run until the party discovered the forged deed. Citing *Straub,* the Court stated:

> Notary's false notarization promptly became a matter of public record because the deed was filed in the Office of the County Clerk. Such filing is constructive notice to "subsequent purchasers, mortgagees, encumbrancers or creditors but not to those prior in the chain of title. (Citation omitted). (Plaintiff) had no reason to learn of Notary's act until her attorney checked the records following (her) Brother's death. Under the facts and circumstances of this particular case, the statute of limitations on (Plaintiff's) claim against Notary began to run on that date.

¶ 10 In the present case, reasonable diligence does not require Plaintiffs to check the public records each year to ascertain whether anyone has filed a forged deed. It would be difficult for Plaintiffs to discover the fraud prior to the statutory limitation for filing their action for fraud. Plaintiffs were in possession of the property and had legal title to the property before the allegedly forged deed was filed. Therefore, the two year statute of limitations for commencing their action based on fraud did not begin to run until their discovery of the fraudulent deed.

---

3. This statute is still in effect.

¶ 11 Accordingly, the judgment of the trial court granting summary judgment to Defendant based on the statute of limitations is REVERSED and the cause REMANDED for further proceedings consistent with this opinion.

¶ 12 ADAMS, J., and JOPLIN, J., concur.