2016 OK 104

**Lisa D. CALVERT and Teresa Roper, Plaintiffs,**

v.

**Wayland Guy SWINFORD and Dawn Elynn Swinford; Nocona L. Carter, and Brian L. Carter, Roger D. Warden and Susan Warden, Brandon Vaughn and Serra Vaughn, First National Bank, Jeremy D. Woods, Christy S. Woods, Black Bear Creek Energy Company, LLC., Route 66 Minerals, L.P., Sundown Energy, L.P. and Highmount Exploration & Production, LLC., Defendants,**

and

**Lisa D. Calvert and Teresa Roper, Plaintiffs/Appellants,**

v.

**MKB Royalty Corporation, Randee Koger, and Bremyer & Wise, LLC., Defendants,**

and

**Randee Koger, and Wise & Reber, LLC., Defendants/Appellees.**

**Case Number: 115015**

Supreme Court of Oklahoma.

Decided: 10/11/2016

4. Title 12 O.S. 2011 994(a) provides:
A. An appeal to the Supreme Court of Oklahoma, if taken, must be commenced by filing a petition in error with the Clerk of the Supreme Court of Oklahoma within thirty (30) days from the date a judgment, decree, or appealable order prepared in conformance with Section 696.3 of this title is filed with the clerk of the trial court. If the appellant did not prepare the judgment, decree, or appealable order, and Section 696.2 of this title required a copy of the judgment, decree, or appealable order to be served upon the appellant, and the court records do not reflect the service of a copy of the judgment, decree, or appealable order to the appellant within three (3) days, exclusive of weekends and holidays, after the filing of the judgment, decree, or appealable order, the petition in error may be filed within thirty (30) days after the earliest date on which the court records show that a copy of the judgment, decree, or appealable order was served upon the appellant.

David R. Cordell, Hayley N. Stephens, Tulsa, Oklahoma, for Plaintiffs/Appellants.

Clinton D. Whitworth, Brandon P. Wilson, Oklahoma City, Oklahoma, for Defendants/Appellees.

**KAUGER, J.:**

¶ 1 We retained this cause to address the dispositive issue of whether the statute of limitations for an action brought by a grantor begins to accrue when a deed is filed with the county clerk. We hold that it does pursuant our decision in 114,957, <u>Calvert</u> v. <u>Swinford</u>, 2016 OK 100, 382 P.3d 1028.

### FACTS

¶ 2 The facts of this cause are the same as our recent decision in No. 114,957, <u>Calvert</u> v. <u>Swinford</u>, 2016 OK 100, 382 P.3d 1028. However, this cause concerns the summary judgment which was granted in favor of Randee Kroger, the Kansas attorney who handled the property transactions, and his McPherson, Kansas, law firm, Bremyer & Wise. On April 25, 2016, the court filed an order granting summary judgment to the lawyer and law firm, also determining that the deeds previously described in No, 114,957, gave the grantors constructive notice of any alleged mistake when they were filed of public record. Consequently, any claims of reformation and/or negligence were precluded by the long expired statute of limitations for either claim. The trial court also directed the filing of a final journal entry of judgment pursuant to 12 O.S. 2011 994(a).[1]

---

1. Title 12 O.S. 2011 994(a) provides:

A. An appeal to the Supreme Court of Oklahoma, if taken, must be commenced by filing a petition in error with the Clerk of the Supreme Court of Oklahoma within thirty (30) days from the date a judgment, decree, or appealable order prepared in conformance with Section 696.3 of this title is filed with the clerk of the trial court. If the appellant did not prepare the judgment, decree, or appealable order, and Section 696.2 of this title required a copy of the judgment, decree, or appealable order to be served upon the appellant, and the court records do not reflect the service of a copy of the judgment, decree, or

¶ 3 On May 20, 2016, the grantors appealed, arguing that summary judgment was premature because fact questions exist as to whether the statute of limitations had run. On appeal, the lawyer and law firm raise the same arguments which were raised in No. 114,597. We retained this cause on June 7, 2016, to address same statute of limitation issue. We hold that this cause is governed by our recent holding in No. 114,957, Calvert v. Swinford, 2016 OK 100, 382 P.3d 1028 and that holding is dispositive. The statute of limitations for a negligence action brought by a grantor begins to accrue when the deed, which allegedly neglected to reserve mineral interests, is filed with the county clerk.

**MOTION TO RETAIN PREVIOUSLY GRANTED; TRIAL COURT AFFIRMED.**

KAUGER, WATT, WINCHESTER, EDMONDSON, TAYLOR, COLBERT, GURICH, JJ., concur.

COMBS, V.C.J., not participating.

REIF, C.J., not voting.

