Walter F. STRAUB et al.,
Plaintiff in Error,

v.

Earl SWAIM, Defendant in Error.

No. 36779.

Supreme Court of Oklahoma.

March 20, 1956.

Rehearing Denied April 17, 1956.

Miles & Miles, Beaver, for plaintiff in error.

Steele & Boatman, Okmulgee, Orlando F. Sweet, Guymon, for defendant in error.

WILLIAMS, Vice Chief Justice.

This action was brought by Earl Swaim, hereinafter referred to as plaintiff, against Walter F. Straub, hereinafter referred to as defendant, to quiet title to 160 acres of land situated in Beaver County, Oklahoma, and to cancel a mineral deed in favor of defendant.

The trial court rendered judgment for plaintiff quieting his title to the real property in question and cancelling the mineral deed under which defendant claims title to a one-half interest in the oil, gas and other minerals in and under said property, and defendant appeals.

Plaintiff and defendant claim under a common grantor, John E. Swaim. John E. Swaim was the owner of the property here involved under a certificate of purchase issued by the Commissioners of the Land Office of the State of Oklahoma. In September, 1927, plaintiff bought the property in question from John E. Swaim by paying $2,200 and agreeing to assume the balance due on the property to the Commissioners of the Land Office, and immediately went into possession thereof. On November 12, 1927, John E. Swaim executed an assignment of his certificate of purchase to plaintiff. On the same day, John E. Swaim also executed the mineral deed to defendant. The assignment of certificate of purchase to plaintiff was filed in the office of the Commissioners of the Land Office on December 20, 1927, and a new certificate of purchase was then issued to plaintiff and recorded on December 29, 1927, in the office of the county clerk. Plaintiff thereafter paid out the balance due on the certificate of purchase and on November 27, 1928, was issued a patent by the Commissioners of the Land Office, which was recorded on December 7, 1928. The mineral deed to defendant was recorded on November 19, 1927.

On May 12, 1952, plaintiff filed this action seeking to cancel defendant's mineral deed and quiet title to the property, alleging that plaintiff had been in possession of said property when he received his certificate of purchase and had ever since remained in the possession thereof, and that he had no notice of defendant's mineral deed and no actual knowledge thereof until about February 1, 1952.

Plaintiff's evidence was directed primarily towards establishing that he was an innocent purchaser for value without notice or knowledge of defendant's purchase of mineral interest. Defendant's evidence tended to establish that plaintiff had been advised of and had actual knowledge of defendant's purchase of mineral interest. Although the trial court made no findings of fact, its judgment of necessity carries with it a finding that plaintiff had no actual knowledge of the mineral conveyance, and plaintiff must therefore be considered an innocent purchaser for value.

As his first proposition of error, defendant contends that plaintiff's action to cancel defendant's mineral deed is barred by the statute of limitations. It has been repeatedly held by this court that the statute of limitations is an affirmative defense which must be pleaded by the party asserting or claiming it, and when it is not pleaded, it is waived. Morrissey v. Shriver, 88 Okl. 269, 214 P. 702; Torrey v. Campbell, 73 Okl. 201, 175 P. 524; Reaves v. Turner, 20 Okl. 492, 94 P. 543. In the instant case, the statute of limitations was not pleaded and, so far as the record discloses, the question was not presented to the trial court. This being the condition of the record, defendant cannot now avail himself of such defense. Morrissey v. Shriver, supra.

As his only other proposition of error, defendant contends that recording of his mineral deed in the office of the county clerk on November 19, 1927, constituted constructive notice of such conveyance to plaintiff.

16 O.S.1951 § 16 provides:

"Every conveyance of real property acknowledged or approved, certified and recorded as prescribed by law *from the time it is filed with the register of deeds for record* is constructive notice of the contents thereof to *subsequent purchasers,* mortgagees, encumbrancers or creditors." (Emphasis added.)

It will be noticed that the effect of such statute is to make the recording of an instrument constructive notice only from the

time of such recording and only as to *subsequent* purchasers, mortgagees, etc. Since the undisputed evidence in the case at bar is that plaintiff purchased the property and paid the consideration therefor in September, 1927, and took possession of the property immediately and thereafter received an assignment of certificate of purchase executed and delivered on November 12, 1927, it is difficult to see wherein the recording of defendant's mineral deed on November 19, 1927, could have any effect on plaintiff's rights or constitute notice to plaintiff of such deed. Plaintiff, having already bought and paid for the property, taken possession thereof and received a properly executed conveyance thereof at the time of the recording of defendant's mineral deed was not a subsequent purchaser and such recording therefore afforded no notice to him and did not keep him from being an innocent purchaser for value.

Judgment affirmed.

JOHNSON, C. J., and CORN, DAVISON, HALLEY, BLACKBIRD, JACKSON and HUNT, JJ., concur.