Dan MATTHEWSON, Plaintiff in Error,

v.

Stokley HILTON, Defendant in Error.

No. 37835.

Supreme Court of Oklahoma.

Jan. 21, 1958.

Rainey, Flynn & Anderson, Oklahoma City, for plaintiff in error.

Arnett & McDaniel, by Yonne P. McDaniel, Mangum, Thos. Boyers, Gallatin, Tenn., for defendant in error.

PER CURIAM.

This is an action instituted by the defendant in error herein to quiet title to certain described premises, and is in the nature of a collateral attack on a decree of distribution in the County Court of Greer County in which the property was distributed to plaintiff in error. Defendant in error's petition alleges that the decree of distribution attacked was obtained by fraud, and that it is void on the face of the judgment roll. Judgment in the trial court was for defendant in error, quieting title in him against plaintiff in error. Plaintiff in error appeals. The parties will be referred to hereinafter by their trial court designations of "plaintiff" and "defendant", respectively.

The property involved is that which constituted the estate of the defendant's deceased wife. Upon her death in December, 1938, her will was admitted to probate, and the decree of distribution herein question was entered in October, 1939. Plaintiff testified that during the probate proceedings he talked with the defendant, who was executor of the estate, concerning his claim to the property of the estate. The substance of this conversation, which plaintiff contends constitutes the fraud, is not material in our view of the matter at this time. In any event, the decree of distribution did not distribute the property as plaintiff construed the will, or in the manner he understood that defendant agreed it was to be distributed. Plaintiff testified he first learned of this alleged fraud in 1955 shortly before he instituted this action. We are of the opinion that the cause of action based on fraud is barred by the statute of limitations which the defendant asserted. Tit. 12 O.S.1951 § 95(3). When the decree of distribution was entered of record in the county court in 1939, constructive notice of any fraud practiced in obtaining the decree was imparted to plaintiff. This constructive notice was sufficient to establish the time from which the period of the statute must be computed, and this period has long since expired. It is not necessary that plaintiff have had actual notice of the fraud. Seigle v. Richardson, Okl., 317 P. 2d 767; Harjo's Heirs v. Standley, Okl., 305 P.2d 864; Caraway v. Overholser, 182 Okl. 357, 77 P.2d 688.

We are also of the opinion that the judgment is not void. Plaintiff's contention in this regard is based solely upon his construction of the provisions of the will of the deceased which, he asserts, devised him an estate in remainder in this property. He concludes that the court lacked jurisdiction to enter a decree contrary to his interpretation of the will because the provisions thereof were so clear and unambiguous. He does not contend that legal notice was not given him or that the court lacked jurisdiction of the subject-matter. The decree of distribution entered, distributed the property to defendant in fee and specifically determined that the mention of plaintiff in the will "does not affect" the devise to defendant. We may concede for the purpose of this opinion, that the terms of the will would bear the construction contended for by plaintiff. However, this is not a direct appeal from the decree of distribution, and the authorities cited by plaintiff involving the construction of wills are not in point. We have heretofore specifically determined that in the administration of a decedent's estate the county court has jurisdiction to determine the identity of heirs or devisees and the proportion which each shall take. This determination concludes all heirs or devisees in respect to their rights by will or inheritance except as that decree may be altered on appeal or in an appropriate proceeding authorized by statute. Tit. 58 O.S.1951 § 632. Necessary to this determination is the authority to construe a will. Thus the determination made by the decree here attacked was within the jurisdiction of the county court and is not subject to collateral attack. The plaintiff's interest in the estate, or the lack thereof, was fixed by that decree. In re Everhart's Estate, 208 Okl. 101, 253 P.2d 174; Porter v. Hansen, 190 Okl. 429, 124 P.2d 391; Gassin v. McJunkin, 173 Okl. 210, 48 P.2d 320.

The judgment is reversed.

The Court acknowledges the aid of the Supreme Court Commission in the preparation of this opinion. After a tentative opinion was written by the Commission, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.