Douglas M. GOOD and Frances Good, his wife, Plaintiffs in Error,

v.

Albert COHLMIA and Frank Cohlmia, Defendants in Error.

No. 38168.

Supreme Court of Oklahoma.

Oct. 7, 1958.

Bryan Billings, Woodward, for plaintiffs in error.

Tom Hieronymus, Woodward, for defendants in error.

BLACKBIRD, Justice.

This appeal involves an action by defendants in error, hereinafter referred to as plaintiffs, to reform a mineral deed by which they received conveyance of an interest in the minerals in and under a quarter section of land from plaintiff in error, Douglas M. Good, who, with his wife Frances Good, will hereinafter usually be referred to as defendants. The deed purports to have been executed on November 16, 1926, and to have conveyed an undivided "One-sixteenth" interest in said minerals, whereas, according to plaintiffs' al-

legations, it was supposed, according to the agreement and intention of the parties, to have conveyed an undivided one-half interest in said minerals. It is plaintiffs' theory, in substance, that the "One-sixteenth" was written into the printed form deed entitled "Sale Of Oil, Gas And Mineral Royalty", through a mutual mistake of the parties as to the legal effect of the language employed.

The principal defense asserted to the action was the five-year statute of limitations, and, at the trial, defendants objected to, and moved to strike from the record, all parol evidence, including the admission of Good, himself, on cross examination, that the deed was intended to convey a one-half, rather than a one-sixteenth interest, in the minerals. The plaintiff, Frank Cohlmia, explained how this mutual mistake occurred when he testified, in substance, that in view of the fact that the tract was already covered by an oil and gas lease Good had previously given one Dorwin H. McNamee (under which Good was entitled to only one-eighth of production), it was agreed between him, Good, and the banker who drew the deed, that Good should convey "half of his eighth and then support it by an affidavit." The affidavit thus referred to in plaintiffs' testimony was introduced in evidence and Mr. Good admitted he executed it. After referring to the above mentioned conveyance and the interest described therein, as well as the "One-eighth royalty that was reserved by me in a certain oil and gas lease made by me to Dorwin H. McNamee", Good, in the affidavit, stated: " * * * I understand that in the event the said lessor Dorwin H. McNamee forfeit his right to the lease now of record the said Albert Cohlmia and Frank Cohlmia, grantees in the said royalty conveyance, shall have a One-half interest in all rents and royalties arising out of the above described land."

Other evidence, which defense counsel objected to, was elicited by certain questions plaintiffs' counsel asked Good on cross examination. One of these revealed the fact that Magnolia Petroleum Company purchased an oil and gas lease on the land in 1950, and, (on the basis of the record as to his interest) paid him only one-half of the bonus. According to plaintiffs' undisputed evidence, they received one-half of the bonus when the land was again leased in 1955—this time to a lessee by the name of Gungall, of Enid, Oklahoma. As far as the record shows, Good made no representation or claim to either of said lessees, nor to anyone else after his execution and delivery of the above described "Sale Of Oil, Gas And Mineral Royalty", that he owned more than one-half of the minerals under said land, until a few months before this action was filed, when, in the latter part of 1956, or early part of 1957, a man from Wichita contacted the parties in an effort to obtain a new oil and gas lease on it.

At the close of the trial, the court entered judgment for plaintiffs, specifically finding that it was the "real intent of the parties" at the time of the conveyance in question, that it convey an undivided one-half mineral interest; and that the erroneous description of said interest, as an "undivided One-sixteenth", was inserted in the deed through a mutual mistake of the parties participating in the drawing and execution of it.

In urging, under their first proposition of error, that plaintiffs' action is barred by limitations, defendants rely on Hoskins v. Stites, 182 Okl. 455, 78 P.2d 413, and Mundy v. Dependent School District No. 32, Okl., 272 P.2d 447, for the applicability of the five-year period prescribed by Tit. 12 O.S.1951, § 95(6); and point to the fact that the action was "brought more than 30 years" after the execution and delivery of the deed sought to be reformed, and to the undisputed testimony of the plaintiff, Frank Cohlmia, that he knew at the time the instrument of conveyance was delivered to him in November, 1926, that it described the interest therein conveyed, as "One-sixteenth",

rather than "One-half." Defense counsel argue that this latter testimony "established that plaintiffs were aware of the purported error from the very day the deed was executed. * * *", but failed to take any action concerning it until many more than five years thereafter. We think this statement indicates misapprehension of the testimony referred to. While it cannot be denied that from the time the language sought to be reformed was placed in the deed in question, both parties thereto knew that it was there, yet, as hereinbefore shown, it was only a short time before they commenced this action, that plaintiffs learned that they (and Good, too) were mistaken in its legal effect—in believing that, by the described transaction, they had obtained an undivided one-half, rather than a one-sixteenth interest. In the situation thus presented, we think this case is analogous, in this respect, to the situation described in Harrison v. Eaves, 191 Okl. 453, 130 P.2d 841, 844, as follows:

> "The claim of limitations and laches rests upon the fact that there was some evidence to show that plaintiff knew or should have known of the typographical error with respect to the range number given in the trust agreement. While it is not clear just when this first came to the attention of the plaintiff, the evidence shows that all parties interested in the trust had proceeded on the presumption that the agreement correctly set forth the property involved and that the trustee had at all times dealt with the lands in Range 3 W. and had faithfully performed the duties of his trust and had never repudiated the same. Under these circumstances even though plaintiff knew or was charged with knowledge of the typographical error in the instrument no statute of limitations would begin to run thereon so long as the trust was being recognized and performed in accordance with its intent and purpose; * * *".

Here, although the defendant Good, when questioned respectively by his own, and plaintiffs' counsel, as to how much of the minerals he intended to convey at the time he executed and delivered the deed in question, answered rather ambiguously that it was his intention to convey "One-half of the minerals, but not One-half of the acreage * * *", as hereinbefore indicated, he apparently recognized plaintiffs' ownership of an undivided one-half of the minerals over a period of approximately thirty years, and, as far as the record shows, raised no question about the matter until less than two years before plaintiffs instituted this action. In this situation, we perceive of no more reason why any period of limitations should begin to run against plaintiffs' right to reformation—until their rights were disputed—than would be the case if they were defendants in the action. In this connection, see Newbern v. Gould, 162 Okl. 82, 19 P.2d 157, 160. We therefore hold, as the trial court did, that this action was not barred by the five-year period of limitations asserted as a defense herein.

■ Under their Proposition II, defendants charge that, since the deed in question, in plain and unambiguous language, purported to convey only an undivided one-sixteenth mineral interest, the trial court erred in allowing the introduction (as hereinbefore indicated) of evidence showing that said instrument was intended to convey a larger interest. They stand on the proposition that, unless such an instrument is ambiguous, it is the duty of the court to interpret it; and parol evidence is not competent to explain, or vary, its terms, citing Jennings v. Amerada Pet. Corp., 179 Okl. 561, 66 P.2d 1069, and Tit. 15 O.S.1951 §§ 137, 154 and 155. These citations are not applicable here. As shown by Fabbro v. Reese, 206 Okl. 655, 246 P.2d 324, Walter v. Myers, 206 Okl. 100, 241 P.2d 393, Phillips v. Johnson, 202 Okl. 645, 217 P.2d 520, and many other authorities, the rule contended for does not apply to actions for the reformation of instruments on account of mutual mistake. We, therefore, hold that the trial court did not err in admitting evidence

de hors the questioned deed, as to the intention of the parties concerning the interest to be conveyed.

Having found no cause for reversal in the arguments advanced under either of defendants' propositions, the judgment of the trial court is hereby affirmed.