**Nolen R. CUNNIUS and LaFern Cunnius, Plaintiffs in Error,**

v.

**Jonas A. FIELDS, Arthur W. Fields, James J. Fields, Evelyn May Fields, Merle Francis Kidd and Mildred Childers, Defendants in Error.**

**No. 41776.**

Supreme Court of Oklahoma.

Jan. 14, 1969.

Luttrell, Luttrell & Pendarvis, Norman, Charles E. Jackson, Pauls Valley, for plaintiffs in error.

William G. Paul, of Crowe, Boxley, Dunlevy, Thweatt, Swinford & Johnson, Oklahoma City, for defendants in error.

HODGES, Justice.

The problem under consideration in this appeal arose out of the execution and delivery of a warranty deed which purported to transfer the *surface and surface estate* with a reservation of a ¼th mineral interest. It was later discovered that the grantors owned a ½ mineral interest.

The plaintiffs are the heirs (surviving husband and children) of one Ada May Fields, who died intestate leaving the property in question. The land comprising 65 acres had been in the family of the intestate since it was patented. Plaintiffs con-

veyed by warranty deed to the defendants the property described as follows:

"The surface and surface estate in and to W ½ W ½ NW and NW NW SW Section 20, and SE NE NE and S ½ NE NE NE, less lots 11, 12, 13 and 14 for Town of Eola in Section 19, Township 1 North, Range 2 West of I.M.,

"There is hereby reserved from this conveyance a total of an undivided ¼th interest in the oil, gas and other minerals lying in, under or which might be produced from said above described lands, together with the right of ingress and egress for for the purpose of drilling, exploring and developing the mineral interest hereby. Such reservation is made by the undersigned grantors for their respective and separate ownership in said minerals in the proportions of ownership with which they are vested at the time of the within grant and deed of conveyance."

This conveyance was made in July of 1959. In December, 1962, a person approached plaintiffs interested in obtaining an oil and gas lease on the property. At that time plaintiffs discovered that they in fact had inherited ½ mineral interest instead of a ¼th interest. Plaintiffs subsequently made demand upon the defendants to execute a quit claim deed to the disputed mineral interest and were refused. Plaintiffs filed suit in the district court of Garvin County in March of 1963 to quiet title and asked for damages for slander of title. An amendment to the petition was filed on October 7, 1964, praying for reformation of the deed.

The main issue raised by this appeal is whether there was a mutual mistake made by the parties to the deed as to the amount of mineral interest owned by the plaintiffs and the related issue of an additional mistake of the scrivener in reducing the intention of the grantors to writing. The trial court found that there was a mutual mistake made by the parties regarding the amount of mineral interest owned by the plaintiffs and further that there was a mistake by the scrivener in reducing the intention of the grantors to writing. From this judgment, defendants appeal.

In an equitable action the court will review the evidence in order to determine if the judgment is clearly against the weight of the evidence. In an action to reform a deed this court in Dennis v. American First Title and Trust Co., Okl., 405 P. 2d 993, stated:

"* * * the evidence must be full, clear, unequivocal, and convincing as to the mistake and its mutuality. Mere preponderance of evidence is not enough. The proof must establish the facts to a moral certainty and take the case out of the range of reasonable controversy; but it need not be so certain as to go beyond any possibility of controversy."

We shall examine the evidence in order to determine if the trial court correctly applied the facts to the rule of law regarding mutual mistake of the parties.

The evidence as to the plaintiffs mistake regarding the amount of mineral interest that was inherited by the heirs of Ada May Fields was clear and convincing. The surviving husband of the intestate and two of the sons who were present during the negotiations with the defendants testified that they thought, and had been told, that a ¼th interest in the minerals had been left to them by the intestate, Ada May Fields. In support of their testimony the record reflects that the final decree in the estate of Ada May Fields was filed on August 6, 1959, indicating that the intestate died possessed with a ¼th mineral interest in the conveyed property. The decree was dated and filed of record 23 days subsequent to the date of the warranty deed in question, July 14, 1959, and 7 days before the deed was recorded on August 13, 1959. The abstract of the property had not been seen by any of the grantors until several months after the deed was delivered. The surviving husband, Jonas Fields told the attorney for the estate of Ada May Fields that the heirs owned a ¼th mineral interest in the property and the attorney had not checked

the title to the property before preparing the final decree.

Both defendants testified that prior to the execution of the deed they did not know what amount of mineral interest was owned by the plaintiffs. In fact, no attempt was made by them during negotiations to find out the extent of the mineral interest. The evidence also shows that the defendants were aware of the conveying language in the deed "surface and surface estate." It is clear that the object of the purchase was for the surface only.

Also, evidencing an intent for the conveyance of the surface only, was the purchase by the defendants of a similar tract of land contiguous to the land herein in dispute for the *same* consideration per acre. This conveyance contained no mineral interest and occurred at approximately the same time the defendants were negotiating with the plaintiffs for the 65 acre tract in controversy.

The only testimony or proof offered on behalf of the defendants was that one of the plaintiff sons said during the negotiations that they owned over 1/4th of the minerals and the plaintiff father indicated that the defendants could have everything over 1/4th of the minerals, which testimony was contradicted by the plaintiffs. It is undisputed however, that the defendants did not know what interest in the minerals they were buying, no negotiations took place as to the purchase price of the minerals and the defendants had paid the same price per acre for the same kind of contiguous land, without any minerals, the year before to the uncle and brother-in-law of the plaintiffs. It is obvious that the minerals were not bargained for or considered in the purchase of the property.

■ The trial judge found that there had been a mutual mistake by the parties as to the property to be conveyed and reformed the deed to express the true intent of the parties. This court has held in the case of Higgins v. Classen, 176 Okl. 233, 55 P.2d 101, in the second syllabus thereof,

"Where by mutual mistake of the parties, a deed conveys property not intended by the parties to be conveyed, a court of equity will reform the deed to make it express the true intent."

■ In a case of equity this court will consider the whole record, and where the judgment of the trial court is clearly not against the weight of the evidence this court will not disturb the judgment on appeal, Green v. Votaw, 192 Okl. 136, 134 P. 2d 367; Nelson v. Daugherty, Okl., 357 P. 2d 425; Dennis v. American First Title and Trust Company, Okl., 405 P.2d 993. We have carefully examined the evidence and find that the same is clear, full and convincing as to the mutual mistake of the parties and is sufficient to support the judgment of the trial judge.

■ In further support of the judgment the trial court found that there had been an error made by the scrivener in reducing the intention of the grantors to writing. The record reveals that Mr. Jonas Fields had informed the scrivener to prepare a surface deed to the property to be conveyed. Instead of following this instruction, the scrivener added to the surface deed a reservation of mineral interest without checking the records to determine the exact amount owned by the grantors. This evidence was uncontradicted. A mistake by the scrivener in reducing the intent of the grantor to writing is grounds for reformation of the deed, Green v. Votaw, supra; Kerr v. James, Okl., 375 P.2d 907; Dennis v. American First Title and Trust Company, supra.

■ The defendants also argue that the cause of action for reformation of a deed is barred by the statute of limitations. The parties agree that the five year statute of limitations under 12 Okl.St.Ann. § 95(6) applies to an action for the reformation of a deed in question. The defendants assert that since the deed was executed in July of 1959, and the amendment for reformation was filed in October 1964, the statute of limitations had run on this cause of action. The uncontradicted evidence was that the plaintiffs discovered the mistake as to the

amount of minerals that they had actually owned in the early part of the year 1962 when a lease was purchased from them by a buyer who informed them that they owned a ½ interest in the minerals instead of ¼th. Shortly thereafter, plaintiffs requested a quit claim deed from the defendants, and were refused. Only the unexplored minerals are involved in controversy in this case. The mistake plaintiffs made and seek to reform is the one regarding the amount of mineral interest they own. The earliest it can be said that the legal effect of the reservation of minerals was questioned or disputed is in the early part of 1962. The statute of limitations does not begin to run in the case of unexplored minerals until the legal effect of the reservation is questioned or disputed. Nelson v. Daugherty, Okl., 357 P.2d 425; Good v. Cohlmia, Okl., 330 P.2d 588. The statute of limitations did not begin to run until the early part of the year 1962. Since the amendment to the petition setting out the third cause of action to reform the deed was filed in October 1964, the statute has not run.

 The final point of the defendants to be considered by this court is the question of whether the judgment is in proper form and includes the findings of fact and conclusions of law so as to be an effective judgment. The findings of fact and conclusions of law handed down by the court were set out in an instrument separate from that of the journal entry of judgment. The question presented by the defendant is that the language of the journal entry is insufficient to include the findings of fact and conclusions of law as part of the judgment. The journal entry is in general form and recites among other things, that the judgment is rendered for the plaintiffs "in accordance with the findings of fact and conclusions of law * * *". We are of the opinion that the judgment is sufficient and proper. A general judgment of the trial court is deemed to include special findings on any and all issues necessary to sustain the judgment, Hitt v. Hitt, Okl., 258 P.2d 599. Further, the language used in the journal entry of judgment is sufficient to include the findings of fact and conclusions of law of the court.

Judgment affirmed.

IRWIN, C. J., BERRY, V. C. J., DAVISON, WILLIAMS, BLACKBIRD, JACKSON, and McINERNEY, JJ., concur.

LAVENDER, J., concur in results.