PANHANDLE ROYALTY COMPANY, ASA Energy Corporation, Flag-Redfern Oil Company, and Rock Island 1979 Exploration Project, Appellants,

v.

Vivian G. FARNI, Inexco Oil Company, Kent Farni, Lova Joan Craft, Fay V. Burgess, Charles B. Farni, Dixie N. Farni, Nelmarta Alice Lee, Vina Bellomah Farni, Diana C.J. Farni, and Glee Smith, Appellees.

PANHANDLE ROYALTY COMPANY and Flag-Redfern Oil Company, Appellants,

v.

Vivian G. FARNI, Inexco Oil Company, Kent Farni, Lova Joan Craft, Faye V. Burgess, Nelmarta Alice Lee, Vina Bellomah Farni, Glee Smith, Diana C.J. Farni, Leslie B. Smith, Wilamae Fox, and Marchet E. Newholm, Appellees.

No. 63832.

Supreme Court of Oklahoma.

Oct. 6, 1987.

Rehearing Denied Jan. 20, 1988.

Linn & Helms by Von Russell Creel, William J. Skepnek, and N. Sue Allen, Oklahoma City, for appellants.

Edwin McComas, Elk City, for appellees.

John J. Morozuk, Oklahoma City, for appellee Inexco Oil Co.

HODGES, Justice.

This appeal concerns the title to certain mineral interests underlying two tracts of land located in Roger Mills County.

In 1948, appellee Vivian G. Farni filed a quiet title action against Panhandle Co–Operative Royalty Company, Flag Oil Compa-

ny of Oklahoma and several other defendants. Service on Panhandle and Flag Oil was given solely by publication. On August 18, 1948, a default judgment was entered against them quieting title to the minerals in Farni and against Panhandle and Flag Oil. Farni subsequently leased the minerals to the assignor of Inexco Oil Company and conveyed by gift her interest in the minerals to her children.

In 1982, Panhandle Royalty Company (the successor in interest to Panhandle Co-Operative Royalty Company), ASA Energy, Flag–Redfern Oil Company (the successor in interest to Flag Oil Company of Oklahoma) and Rock Island 1979 Exploration Project (apellants) brought these two quiet title actions seeking to quiet title in the mineral interests they claimed against Farni and her successors in interest (appellees). The District Court of Roger Mills County combined the two cases and entered judgment upon appellees' demurrer to appellants' evidence and ruled appellants' action was barred by the statute of limitations and the Simplification of Land Titles Act, 16 O.S. 1981 § 61, et seq.

On appeal there are three issues presented for the Court to consider. First, whether the 1948 judgment is void on its face because of defects in acquiring personal jurisdiction over the parties. Second, is the 1948 judgment voidable having been obtained by fraud. Finally, whether the Simplification of Land Titles Act is unconstitutional as applied by the district court. By answering the first two questions in the negative and finding sufficient support for the district court's decision we find it unnecessary to rule on the last question presented.

Appellants assert the 1948 judgment is void on its face because of defects in acquiring personal jurisdiction over Panhandle and Flag. It is undisputed Panhandle and Flag were served only by publication and that in 1948 notices were on file in the office of the Secretary of State of the names and addresses of their respective registered agents. Appellants argue the affidavit for publication was void on its face because it did not contain an allegation that Panhandle and Flag had not appointed a service agent nor did it negate the inference that they were doing business in the State of Oklahoma which were purportedly necessary to obtain publication service on a corporation. Appellants also assert because no actual notice was given their predecessors in title, the judgment is facially invalid. We disagree.

Title 12 O.S. 1941 § 171, then in force, set forth the requirements of an affidavit for service by publication. The district court made a specific finding that appellants had been duly and legally notified of the pendency of the action as required by law. Moreover, if any technical discrepancies existed in the affidavit they were cured when the court approved service as proper. *Farmers' Union Co-op Royalty Co. v. Woodward*, 515 P.2d 1381, 1385 (Okla.1973).

Although under *Bomford v. Socony Mobil Oil Co.*, 440 P.2d 713 (Okla.1968), this Court will not approve service by publication where there is bare recital in the affidavit of due diligence, this was not the law when the 1948 default judgment was rendered.

█ In entering the 1948 judgment the trial court reviewed and approved service by publication. Furthermore, the affidavit filed met the requirements of 12 O.S. 1941 § 171 in effect at that time. We find the 1948 judgment is not facially invalid nor violative of the due process provisions of the State and Federal Constitutions.

Next, appellants attack the 1948 judgment as being voidable having been obtained by fraud. The district court held appellants' action was barred by the statute of limitations.

Title 12 O.S. 1981 § 1038 limits the time period within which an action for fraud may be brought to two years. Appellants assert, however, the statute of limitations was tolled by appellees' concealment of the fraud and they timely brought their action within two years from the date such fraud was discovered, citing 12 O.S. 1981 § 95(Third).

We cannot accept appellants' argument. The district court correctly considered the defense of the statute of limitations as it was raised by appellees in their amended answer and cross petition. Appellants' action was not timely brought under either § 1038 or § 95. Appellants were charged with constructive notice of the judgment when judgment was rendered in 1948 and filed of public record in the Office of the County Clerk of Roger Mills County in 1975. *Matthewson v. Hilton,* 321 P.2d 396, 397 (Okla.1958).

Therefore, appellants' action was barred from being brought more than two years after the judgment was entered of record. The district court correctly determined that the present action was barred by the statute of limitations. In reviewing judgments which are not void on their face, as we have determined in this case, we cannot consider matters outside the judgment roll. *Scoufus v. Fuller,* 280 P.2d 720 (Okla. 1955).

For the above reasons stated we AFFIRM the district court's ruling in this matter which upheld the 1948 judgment entered by default against Panhandle and Flag, and found it to be conclusive as to appellants rights and claims in the title to the mineral interests.

HARGRAVE, V.C.J., and HODGES, LAVENDER, SIMMS and WILSON, JJ., concur.

SUMMERS, J., concurs in part, dissents in part.

DOOLIN, C.J., and OPALA and KAUGER, JJ., dissent.

OPALA, Justice, dissenting.

I would hold the August 18, 1948 default judgment to be facially void.