OSCN Found Document:CALVERT v. SWINFORD

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 CALVERT v. SWINFORD
2016 OK 105
Case Number: 115165
Decided: 10/11/2016
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2016 OK 105, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

LISA D. CALVERT and TERESA ROPER, Plaintiffs/Appellants,
v.
WAYLAND GUY SWINFORD AND DAWN ELYNN SWINFORD, Defendants/Appellees,
and
NOCONA L. CARTER, AND BRIAN L. CARTER, ROGER D. WARDEN AND SUSAN WARDEN, BRANDON VAUGHN AND SERRA VAUGHN, FIRST NATIONAL BANK, JEREMY D. WOODS, CHRISTY S. WOODS, BLACK BEAR CREEK ENERGY COMPANY, LLC., ROUTE 66 MINERALS, L.P., SUNDOWN ENERGY, L.P. AND HIGHMOUNT EXPLORATION & PRODUCTION, LLC., Defendants/Appellees.
and
LISA D. CALVERT and TERESA ROPER, Plaintiff,
v.
MKB Royalty Corporation, Randee Koger, and Bremyer & Wise, LLC., Defendants,
and
RANDEE KOGER, and WISE & REBER, LLC., Defendants.

APPEAL FROM THE DISTRICT COURT OF NOBLE COUNTY

Honorable Phillip A. Ross, Trial Judge

¶0 The plaintiffs/appellants, sisters, sold real property in Noble County, but allegedly intended to keep their mineral interests in the property. Some twelve years after the deeds were filed, the sisters realized that mineral interests were not reserved and they filed a lawsuit against the defendants/appellees, grantee/landowners. The defendants filed a motion for summary judgment arguing that the lawsuit was untimely, and the trial court agreed and granted summary judgment. We retained the appeal in No. 114,957, Calvert v. Swinford, 2016 OK 100, __ P.3d __, which concerned the defendant, abstract company, and No. 115,015, Calvert v. Swinford, 2016 OK 104, ___ P.3d ___, which concerned the lawyer who handled the transaction and his law firm. We retained this cause, concerning the grantee/landowners, to also address the issue of whether constructive notice imposed upon the grantors by the filing of a deed with the county clerk precludes this action as well. We hold it does pursuant to our decisions and the teachings of No. 114,957, Calvert v. Swinford, 2016 OK 100, __ P.3d _, and No. 115,015, Calvert v. Swinford, 2016 OK 104,_ P.3d _.

MOTION TO RETAIN PREVIOUSLY GRANTED; 
TRIAL COURT AFFIRMED.

David R. Cordell, Hayley N. Stephens, Tulsa, Oklahoma, for Plaintiffs/Appellants.
Trace Morgan, Jonathan Udoka, Stillwater, Oklahoma, for Defendants/Appellees.

KAUGER, J.:

¶1 We retained this cause to address the dispositive issue of whether constructive notice imposed upon the grantors by the filing of a deed with the county clerk precludes this action as well. We hold it does pursuant to our decisions and the teachings of No. 114,957, Calvert v. Swinford, 2016 OK 100, __ P.3d ___, and No. 115,015, Calvert v. Swinford, 2016 OK 104, ___ P.3d ___.

FACTS

¶2 The facts of this cause are essentially the same as our recent decision in 114,957, Calvert v. Swinford, 2016 OK 100, __ P.3d ___. However, this cause concerns the summary judgment granted in favor of the defendants/appellees, grantee/landowners, Wayland and Dawn Swinford. Because this action was brought against the grantees, the grantors sought quiet title to the property, rescission, breach of contract, fraud and unjust enrichment.

¶3 On May 21, 2003, the Swinfords filed a quiet title action to the property in Noble County No. CV-2003-10, which resulted in a default judgment in their favor.[1] Subsequently, according to the grantors, beginning in June of 2003, the Swinfords began conveying portions of the property to third parties: June 5, 2003 (ten acres); June 27, and July 11, 2003 (certain property rights); January 13, 2006 (convey a parcel), and that some of these third parties also later conveyed their interest in the property to others in 2011. The grantees also entered into mineral lease in March of 2010, and purported to convey a portion of the mineral interests in 2011.

¶4 As a result of the above transactions, the grantors filed a lawsuit against the grantees on September 30, 2013, some twelve years after the deeds were filed. The grantors alleged: 1) they are entitled to quiet title in the mineral interests; 2) the contracts for the land sales executed in October of 2000 and January of 2001 should be rescinded; 3) the grantee breached the contracts by exercising dominion and control over the underlying minerals; 4) the grantees have defrauded the grantors by purporting to convey and/or lease all or portions of the underlying minerals to the property from time to time over the years;[2] and 5) the grantees have been unjustly enriched as a result of the sale.

¶5 On January 12, 2016, the grantees filed a motion for summary judgment raising the same arguments raised in No. 114,957, Calvert v. Swinford, 2016 OK 100, __ P.3d ___ and No. 115,015, Calvert v. Swinford, 2016 OK 104, ___ P.3d ___, that the statute of limitations barred the lawsuit. On May 6, 2016, the court filed an order granting summary judgment to the grantees determining that the deeds previously described in No, 114,957, gave the grantors constructive notice of any alleged mistake when they were filed of public record. Consequently, all of the grantors' claims were barred by the statute of limitations.[3] The trial court also directed the filing of a final journal entry of judgment pursuant to 12 O.S. 2011 994(a).[4]

¶6 On July 16, 2016, the grantors appealed, arguing that summary judgment was premature because fact questions exist as to whether the statute of limitations had run. On appeal, the grantees raise the same arguments which were raised in No. 114,597. We retained this cause on July 14, 2016, to address the same statute of limitations issue. We hold that this cause is governed by our recent holdings in No. 114,957, Calvert v. Swinford, 2016 OK 100, ___ P.3d ___ and No. 115,015, Calvert v. Swinford, 2016 OK 104, __ P.3d __ and their teachings are dispositive. The grantors claims are barred by the statute of limitations because their actions began to accrue when the deed, which allegedly neglected to reserve mineral interests, was filed with the county clerk.

MOTION TO RETAIN PREVIOUSLY GRANTED; 
TRIAL COURT AFFIRMED.

KAUGER, WATT, WINCHESTER, EDMONDSON, TAYLOR, COLBERT, GURICH, JJ., concur.

COMBS, V.C.J., not participating.

REIF, C.J., not voting.

FOOTNOTES

[1] Consequently, the attorney in 114,957, Calvert v. Swinford, 2016 OK 100, __ P.3d ___, argued in addition to the statute of limitations issue, the sisters were barred by res judicata/collateral estoppel from challenging the deeds. According to the Noble County Docket, the quiet title action, No. CV-2003-10, was filed in Noble County on May 21, 2003, with the Swinfords as plaintiffs and the father and Lisa Calvert as his attorney in fact named defendants. The trial court issued a journal entry of judgment on October 8, 2003, determining, by default, that the Swinfords owned the real property in fee simple absolute. Although we did not decide the issue, we noted that in Panhandle Royalty Co., v. Farni, 1987 OK 89, ¶11, 747 P.2d 932 the court held that the plaintiffs were charged with constructive notice of a judgment when the judgment was rendered and filed in the public record in the Office of the County Clerk of Roger Mills County, thereby precluding their later action to quite title in certain mineral interests.

[2] The fraud allegations do not relate to how the deed was created or filed. Nothing is alleged regarding concealment or secret publication or anything which prohibited the grantors from reading the deeds or checking them after they were filed of record. Nevertheless, any alleged fraud could have been discovered when the original deeds were filed in 2000 and 2001, long before this cause was filed.

[3] Title 12 O.S. 2011 §95 provides:

A. Civil actions other than for the recovery of real property can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards:

1. Within five (5) years: An action upon any contract, agreement, or promise in writing; . . .

3. Within two (2) years: An action for trespass upon real property; an action for taking, detaining, or injuring personal property, including actions for the specific recovery of personal property; an action for injury to the rights of another, not arising on contract, and not hereinafter enumerated; an action for relief on the ground of fraud - the cause of action in such case shall not be deemed to have accrued until the discovery of the fraud;

12. An action for relief, not hereinbefore provided for, can only be brought within five (5) years after the cause of action shall have accrued. . . .

[4] Title 12 O.S. 2011 994(a) provides:

A. An appeal to the Supreme Court of Oklahoma, if taken, must be commenced by filing a petition in error with the Clerk of the Supreme Court of Oklahoma within thirty (30) days from the date a judgment, decree, or appealable order prepared in conformance with Section 696.3 of this title is filed with the clerk of the trial court. If the appellant did not prepare the judgment, decree, or appealable order, and Section 696.2 of this title required a copy of the judgment, decree, or appealable order to be served upon the appellant, and the court records do not reflect the service of a copy of the judgment, decree, or appealable order to the appellant within three (3) days, exclusive of weekends and holidays, after the filing of the judgment, decree, or appealable order, the petition in error may be filed within thirty (30) days after the earliest date on which the court records show that a copy of the judgment, decree, or appealable order was served upon the appellant.

 





 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 1987 OK 89, 747 P.2d 932, 58 OBJ 2676, Panhandle Royalty Co. v. Farni
Discussed
 2016 OK 100, CALVERT v. SWINFORD
Discussed at Length
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 95, Limitation of Other Actions
Cited