OSCN Found Document:SCOTT v. PETERS

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 SCOTT v. PETERS
2016 OK 108
Case Number: 114913
Decided: 10/25/2016
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2016 OK 108, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL.

 

STEVEN BOYD SCOTT, Plaintiff/Appellant,
v.
MARTIN PETERS, JR. and TAMMY LYNN PETERS, Defendants/Appellees.

APPEAL FROM THE DISTRICT COURT OF CANADIAN COUNTY

Honorable Gary E. Miller, Trial Judge

¶0 The plaintiff, Steven Scott (grantor), sold real property in Canadian County. More than fourteen years later, he alleged that he intended to keep the mineral interests in the property. He filed a lawsuit against the defendants/appellees, the Peters (grantees/landowners). The landowners filed a motion for summary judgment arguing that the lawsuit was untimely. The trial court agreed and granted summary judgment. We retained this cause to resolve the issue of whether notice imposed upon the grantor by the filing of a deed with the county clerk precludes this action as untimely. We hold it does.

MOTION TO RETAIN PREVIOUSLY GRANTED; 
TRIAL COURT AFFIRMED.

T. Matthew Smith, William R. Pace, Oklahoma City, Oklahoma, for Plaintiff/Appellant.
Barry K. Roberts, Tammy Lynn Peters, Norman, Oklahoma, for Defendants/Appellees.

KAUGER, J.:

¶1 We retained this cause to address the dispositive issue of whether notice imposed upon the grantor by the filing of a deed with the county clerk precludes this action as untimely. We hold it does.

FACTS

¶2 The plaintiff/appellant, Steven Boyd Scott (Scott/grantor) owned real property in Canadian County, Oklahoma.[1] On August 11, 1997, Scott executed a warranty deed conveying 120 acres of the property to the defendants/appellees, Martin Peters, Jr. and Tammy Lynn Peters (the Peters/grantees). Scott alleges that he only conveyed his surface interest in the 120 of the acres of the NE/4 of Section 5, Township 13 North, Range 6 West.[2] In June of 2000, Scott agreed to convey the surface only in the remaining 40 acres to the Peters, for a total of 160 acres of the NE/4 of Section 5, Township 13 North, Range 6 West. The warranty deed was executed on June 12, 2000, and filed on June 16, 2000, in the Canadian County Clerk's office. However, no mineral interests were retained by the grantor in this 40 acre deed.

¶3 On February 2, 2001, the grantor, despite the previous transfers, deeded the same real property covering the NE/4 of Section 5, Township 13 North, Range 6 West, to Larry Russell, d/b/a/ Larry Russell Homes. This warranty deed was filed on March 19, 2001, and it also made no reference to reserving minerals interests. Russell in turn, in August of 2001, conveyed the same property to Raymond E. Wichert and Peggy Jo Wichert Revocable trust, also with no reference to minerals being reserved.[3]

¶4 According to the Peters, they subsequently sought a mortgage on the property and discovered Scott's additional conveyances as a cloud on their title. To clear the title, the Peters obtained a quit-claim deed from the Wicherts in January of 2002, and filed the deed on January 28, 2002. Presumably, this cleared the title, at least as far as the mortgage was concerned, to all 160 acres of the NE/4 of Section 5, Township 13 North, Range 6 West. Again, no mineral interests were reserved. The Peters leased the minerals in and under the 160 acre property to Summit Land Company in a lease executed on March 23, 2008, and filed with the Canadian County Clerk on May 1, 2008.

 

¶5 On August 5, 2014, Scott filed suit against the Peters, seeking to quiet title in the mineral interests in and under the real property which he had deeded to the Peters in August of 1997 (one hundred twenty acres) and June of 2000 (forty acres).[4] On September 17, 2014, the Peters answered Scott's allegations and asserted a slander of title claim against the grantor, arguing that they are the owners of the mineral interests in all 160 acres, due to his various conveyances over the years.

¶6 On February 2, 2015, the Peters filed a motion for summary judgment. With regard to the forty acre tract, because it contained no reservation of minerals of any sort, they raise the same arguments which were raised in recent cases No. 114,957, Calvert v. Swinford, 2016 OK 100, __ P.3d ___ , No. 115,015, Calvert v. Swinford, 2016 OK 104, ___ P.3d ___; and No. 115,165, Calvert v. Swinford, 2016 105, __ P.3d __ [which is that the statute of limitations bars the lawsuit] because the grantor had notice of what the deeds conveyed when he signed and filed them with the county clerk.

¶7 With regard to the 120 acre tract [the 1997 deed], the Peters contend that the grantor insufficiently reserved any mineral interests. However, they also argue that, even if it had properly reserved mineral interests, the reservation clause is irrelevant to this cause because the same property was later deeded by Scott in 2001, to Russell, who in turn five months later deeded it to the Wicherts, who deeded it to the Peters in 2002 with no inclusion of any mineral reservations in any of the deeds. Consequently, the Peters argue that any claims relating to the 120 acre tract are also barred by the five year statute of limitations for reformation because the cause was brought more than thirteen years after the Russell deed was filed, and more than six years after their oil and gas lease was filed.[5]

¶8 The trial court held a hearing on the summary judgment motion on May 29, 2015, and filed a journal entry on June 8, 2015, overruling the summary judgment motion. On June 18, 2015, the Peters asked the trial court to reconsider summary judgment. After the parties extensively briefed the limitations issue, the trial court held a hearing on January 22, 2016. In Scott's supplemental brief on the issue of statute of limitations, he concedes that the five year limitation period for reforming the deed filed in 2000 had expired and that he was consequently precluded from reforming that deed.[6]

¶9 However, Scott argues that the five year limitation period on reformation of the 1997 deed does not begin to accrue when the deed was filed because it did contain a mineral reservation, but the reservation is alleged to have been insufficient in that deed and a layman, such as himself, should not be held to know the legal effect of such an insufficiency until the legal effect is questioned or disputed, relying on Nelson v. Daugherty, 1960 OK 205, 357 P.2d 425. For the first time, Scott also relied on the limitation period of 12 O.S. 2011 §93[7] for adverse possession claims which was also applied by Nelson, supra. He argues that summary judgment would be premature regarding the 1997 deed because the equitable 15 year limitation period of §93 should be applied.

 

¶10 The trial court issued a summary order on January 22, 2016, and filed it on March 21, 2016, vacating its previous summary judgment ruling, and instead granted the Peters' motion for summary judgment. On April 19, 2016, Scott appealed. We retained this cause on May 27, 2016, to address same statute of limitations issue along with our previous cases of No. 114,957, Calvert v. Swinford, 2016 OK 100, __ P.3d ___ , No. 115,015, Calvert v. Swinford, 2016 OK __, ___ P.3d ___; and No. 115,165, Calvert v. Swinford, 2016 OK __, __ P.3d __ .

THE STATUTE OF LIMITATIONS FOR AN ACTION BROUGHT BY A
GRANTOR BEGINS TO ACCRUE WHEN THE DEED IS FILED WITH
THE COUNTY CLERK. 

¶11 The Peters argue that constructive notice imposed upon Scott by the filing of a deed precludes this action. Specifically, they contend that Scott's deed in 2001 to Larry Russell covered the same property. Because it did not include a mineral interest reservation, it precluded this action because Scott had notice. When the deed, which did not reserve mineral interests was filed with the county clerk, he did nothing about it for more than 12 years. Larry Russell then deeded the property without reserving mineral interests to the Wicherts also in 2001, and the Wicherts deeded the property to the Peters in 2002, again with no mineral reservation.

¶12 Scott has conceded that he is precluded from challenging the 2000 deed, which deeded forty acres to the Peters, but argues that any applicable statute of limitations is tolled until he learned of any issue regarding the insufficiency of the mineral reservation language in the 1997 deed. He contends that he did not learn of the mistake regarding mineral interests until February of 2014. With regard to the 2001 warranty deed to Russell, Scott merely insists that minerals were not intended to be included in this transaction either, and that he did not prepare the deed.

¶13 We recently decided No. 114,957, Calvert v. Swinford, 2016 OK 100, __ P.3d ___ , No. 115,015, Calvert v. Swinford, 2016 OK 104, ___ P.3d ___; and No. 115,165, Calvert v. Swinford, 2016 OK 105, __ P.3d __ wherein grantors/sisters conveyed real property in deeds which neglected to reserve mineral interests as allegedly intended. After waiting more than twelve years, the sisters brought claims for quiet title and unjust enrichment against the abstract company, the lawyer who drafted the deeds and his law firm, and the grantees who purchased the property. We affirmed the trial court's determination that the lawsuit was untimely because the grantor sisters had signed the deeds, and they were filed with the county clerk.

¶14 The sisters had the opportunity and obligation to read or at least inquire as to what they were signing. In other words, the sisters were not diligent in investigation of the transaction and did not exercise reasonable diligence in discovering the mistake, the statute of limitations period would not be tolled -- in equity or otherwise. We distinguished those cases in which mutual mistakes were made in which the amount of mineral interests actually conveyed and/or where the circumstances warranted.[8] We also noted that circumstances were not warranted under the facts of the case.

¶15 Quoting Board of Comm'rs of Garfield County v. Renshaw, 1909 OK 4, ¶6, 99 P. 638, we said:

Where the transaction is a matter of public record, either through conveyances registered as required by law or through other means, so that the party complaining has abundant means of finding out the fact of the transaction and its nature, there can be no concealment, and he will be charged with notice of the transaction and of facts which a diligent investigation thereof would develop. A party must be presumed to know what, by the exercise of reasonable diligence, he might have discovered; . . .[9]

¶16 Scott relies on Nelson v. Daugherty, 1960 OK 205, 357 P.2d 425, to argue that equity should allow reformation even after several years. Nelson involved an estate administratix who brought an action to quiet title to "(A)n undivided ½ interest in the oil, gas and other minerals and mineral rights" and to reform two warranty deeds. The deeds mistakenly reserved an undivided one-sixteenth (1/16) interest rather than ½. The Court affirmed the trial court's equitable tolling of the statute of limitations because: 1) no evidence was offered as to the statute of limitations; 2) the mistake which plaintiffs sought to reform was a typographical mistake as to the amount of interest in the reservation clause; and 3) another case, Good v. Cohlmia, 1958 OK 230, ¶5, 330 P.2d 588, involving nearly identical facts, had also allowed correction of the typographical error even though the plaintiff was charged with knowledge of the error in the instrument.

 

¶17 The facts of this cause are different from Nelson, supra, and, therefore, distinguishable. Here, even if the mineral reservation clause in the 1997 deed had been inartfully drafted and insufficient, the grantor attempted to deed the exact same property in 2001 with no reservation clause whatsoever. As the Court stated in Whitman v. Harrison, 1958 OK 141, ¶¶13-16, 327 P.2d 680 that:

. . . 'To create a reservation it must appear from the instrument that the grantor intended to and by appropriate words expressed the intent to reserve an interest in himself. Otherwise, the exception must be construed as an exception to the warranty.'

¶18 Consequently, at least as of 2001, when Scott signed and filed a deed with no mineral reservation, he was on notice as to what the deed expressed and, had he timely sought to reform the deed, his action might have succeeded. However, pursuant to our recent holdings and teachings in No. 114,957, Calvert v. Swinford, 2016 OK 100, __ P.3d ___ , No. 115,015, Calvert v. Swinford, 2016 OK 104, ___ P.3d ___; and No. 115,165, Calvert v. Swinford, 2016 OK 105, __ P.3d __ , his lawsuit is untimely.[10]

CONCLUSION

¶19 Although limitation issues may involve mixed questions of law and fact, they are ordinarily reviewed in this Court as questions of law.[11] There exists a statutory presumption that a recorded signed document relating to title to real estate is genuine and was properly executed.[12] The record supports but a single conclusion, that the statute of limitations began to accrue when the 2001 deed from Scott to Russell was filed because he was on notice that the deed did not contain any reservation of mineral interests whatsoever. It is this notice, constructive or actual, that triggers the accrual of the statute of limitations. If this were not the case, real property transactions across the state could be set aside at almost any time which could leave all real property transactions unsettled indefinitely. Accordingly, we hold that, notice imposed upon the grantor by the filing of a deed with the county clerk precludes this action as untimely.

MOTION TO RETAIN PREVIOUSLY GRANTED; 
TRIAL COURT AFFIRMED.

ALL JUSTICES CONCUR.

FOOTNOTES

[1] The real property involved in this cause included both surface and mineral rights and was located in the NE/4 of Section 5-13N-6W, in Canadian County, Oklahoma. The pertinent language of the recorded deed provides that the conveyance was "subject of easements, restrictions, and mineral reservations and conveyances of record. 'Less and except all oil, gas and other minerals not previously reserve of record.'"

[2] The deed was executed August 11, 1997 and recorded August 14, 1997 at book 2086, page 832 in the Canadian County land records office. The deed provides that it is "SUBJECT TO EASEMENTS, RESTRICTIONS, AND MINERAL RESERVATIONS AND CONVEYANCES OF RECORD. 'LESS AND EXCEPT ALL OIL, GAS, AND OTHER MINERALS NOT PREVIOUSLY RESERVED OF RECORD.'" (Emphasis in original)

[3] In facts the legal description attached to the deed actually included some mineral interests in another tract described as:

Tract C: An undivided one-sixth interest in and to the oil, gas and other minerals lying in and under or produced from the Southwest Quarter (SW/4) of Section Twnety-two (22), Township Thirteen (13) North, Range Seven (7) West.

[4] The grantor's first amended petition filed on August 27, 2014, and the only petition included in the record alleges claims for: quiet title; and unjust enrichment.

[5] Title 12 O.S. 2011 §95 provides:

A. Civil actions other than for the recovery of real property can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards:

1. Within five (5) years: An action upon any contract, agreement, or promise in writing; .

[6] Title 12 O.S. 2011 §95, see note 5, supra.

[7] Title 12 O.S. 2011 §93 provides in pertinent part:

Actions for the recovery of real property, or for the determination of any adverse right or interest therein, can only be brought within the periods hereinafter prescribed, after the cause of action shall have accrued, and at no other time thereafter: . .

(4) An action for the recovery of real property not hereinbefore provided for, within fifteen (15) years.

[8] For example, in Cunnius v. Fields, 1969 OK 8, ¶7, 449 P.2d 703, the Court held the statute of limitations inapplicable to a mutual mistake as to the amount of mineral interests actually inherited. The deed to transfer such interest was filed before the abstract of the property had been seen by the grantors, and grantors were under mistaken belief that they inherited 1/4th mineral interest rather than the ½ that they actually inherited. Other cases in which the actual amount described in the reservation clause was not the amount intended. These cases are likewise distinguishable on their facts. See, Maloy v. Smith, 1959 OK 69, ¶9, 341 P.2d 912 (The court held that reformation of the deed was barred by the statute of limitations because defendant was on notice of plaintiff's claim for eight years. But the court noted that the statute would have been tolled if a person seeking to remove a cloud from title is in continuous possession of the land in question.); Good v. Cohlmia, 1958 OK 230, ¶5, 330 P.2d 588 (Tolling the statute of limitations because defendant accepted 50% of lease payments for years, leading plaintiff to believe each party owned half of the mineral rights despite a typographical error indicating plaintiff owned 1/16.) Still others involve reformation of trust instruments or mortgage notes, or are cases in which the grantee bought and paid for the property and took possession of it and the grantor subsequently executed a mineral deed to another person. See, Harrison et al. v. Eaves, 1942 OK 339, ¶3, 130 P.2d 941 (Tolling the statute of limitations and allowing the heir of a trustee to reform a trust agreement because the trustee had performed the duties of his trust while alive in regards to the subject real property, despite a typographical error in the trust agreement referring to real property not owned by either party.); Crabb et al. v. Chisum et al, 1938 OK 402, ¶16, 80 P.2d 653 (The court allows for reformation of a deed due to mutual mistake, but there is no statute of limitations defense.); and Staub et al. v. Swaim, 1956 OK 97, ¶7, 296 P.2d 147 (Statute of limitations defense was not pleaded by defendant and thus waived. The Court held that when two grantees receive from a common grantor, the recording of a deed by the second grantor does not provide notice to the first grantor if the first has paid for the property, received an executed conveyance, and taken possession of the property before the second records.). Other cases have reached similar results. Ford et al. v. Perry, 1917 OK 465, ¶12, 168 P. 221, another illiterate seller was tricked into signing a deed that was purported to be a rental contract. Even when fraud is alleged, the filing of a real property transaction of record may serve to establish constructive notice thereby triggering the statute of limitations to run. For example, in Mattewson v. Hilton, 1958 OK 6, ¶2, 321 P.2d 396, the plaintiff was to be given property pursuant to a will and when the decree of distribution was entered was not distributed as the plaintiff understood it would be, the plaintiff was precluded by constructive notice of the filing of the decree of distribution.

[9] Furthermore, the Court stated in Whitman v. Harrison, 1958 OK 141, ¶¶13-16, 327 P.2d 680 that:

. . . 'To create a reservation it must appear from the instrument that the grantor intended to and by appropriate words expressed the intent to reserve an interest in himself. Otherwise, the exception must be construed as an exception to the warranty.'

¶14 We have not overruled that decision and the rule thereof stands and was followed by the trial court.

¶15 That rule was followed in Cutright v. Richey, 208 Okl. 413, 257 P.2d 286 , 287, where, in syllabus paragraph 4 we held:

'A grantor in a deed in presumed to have made all the reservations he intended to make and he is not permitted to derogate from his grant by showing that some reservation was intended but not expressed. [16 Am.Jur. Deeds, Sec. 406; Tong v. Feldman, 152 Md. 398, 136 A. 822, 51 A.L.R. 1291].'

¶16 That rule was implemented and applied in Kassner v. Alexander Drug Co., 194 Okl. 36, 147 P.2d 979 , 981, where this court said:

'The deed not being ambiguous governs and controls as to intention, * *. There is nothing whatever in this deed to satisfy the rule that the deed must clearly express the reservation in the grantor of the right of reversion or it will be deemed to have passed with the conveyance.' . . .

[10] This is not to say that there are not circumstances where a grantor may be excused from a limitation period when seeking to correct a mistake in a deed. However, in order to justify the reformation of a deed or contract on the ground of mistake, the party seeking reformation must establish by clear and convincing evidence either that the mistake was mutual or that there was a mistake on the part of one party and fraud or inequitable conduct on the part of the other. In order to justify reformation, the evidence must be full, clear, unequivocal and convincing as to the mistake and its mutuality. Oklahoma City Fed. S&L Ass'n v. Clifton, 1938 OK 390, ¶3, 80 P.2d 283.

[11] Woods v. Prestwick House, Inc., 2011 OK 9, ¶14, 247 P.3d 1183.

[12] Title 16 O.S. 2011 §53 provides in pertinent part:

A. A recorded signed document relating to title to real estate creates a rebuttable presumption with respect to the title that:
1. 1. The document is genuine and was executed as the voluntary act of the person purporting to execute it;
2. The person executing the document and the person on whose behalf it is executed are the persons they are purported to be and the person executing it was neither incompetent nor a minor at any relevant time;
3. Delivery occurred notwithstanding a lapse of time between dates on the document and the date of recording;
4. Any necessary consideration was given; . . .

 

 

 

 





 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 1938 OK 390, 80 P.2d 283, 183 Okla. 74, OKLAHOMA CITY FED. S&L ASS'N v. CLIFTON
Discussed
 1938 OK 402, 80 P.2d 653, 183 Okla. 138, CRABB v. CHISUM
Discussed
 1953 OK 126, 257 P.2d 286, 208 Okla 413, CUTRIGHT v. RICHEY
Discussed
 1956 OK 97, 296 P.2d 147, STRAUB v. SWAIM
Discussed
 1917 OK 465, 168 P. 221, 66 Okla. 150, FORD et al. v. PERRY.
Discussed
 1958 OK 6, 321 P.2d 396, MATTHEWSON v. HILTON
Discussed
 1958 OK 141, 327 P.2d 680, WHITMAN v. HARRISON
Discussed at Length
 1958 OK 230, 330 P.2d 588, GOOD v. COHLMIA
Discussed at Length
 1959 OK 69, 341 P.2d 912, MALOY v. SMITH
Discussed
 1960 OK 205, 357 P.2d 425, NELSON v. DAUGHERTY
Discussed at Length
 1909 OK 4, 99 P. 638, 23 Okla. 56, BOARD OF COM'RS OF GARFIELD COUNTY v. RENSHAW
Discussed
 1969 OK 8, 449 P.2d 703, CUNNIUS v. FIELDS
Discussed
 2011 OK 9, 247 P.3d 1183, WOODS v. PRESTWICK HOUSE, INC.
Discussed
 2016 OK 100, CALVERT v. SWINFORD
Discussed at Length
 2016 OK 104, CALVERT v. SWINFORD
Discussed at Length
 2016 OK 105, CALVERT v. SWINFORD
Discussed
 1943 OK 293, 147 P.2d 979, 194 Okla. 36, KASSNER v. ALEXANDER DRUG CO.
Discussed
 1942 OK 339, 130 P.2d 841, 191 Okla. 453, HARRISON v. EAVES
Cited
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 95, Limitation of Other Actions
Discussed
 12 O.S. 93, Limitation of Real Actions
Discussed
Title 16. Conveyances
 Cite
Name
Level

 16 O.S. 53, Evidentiary Effect of Recorded Document
Cited